**UNITED STATES of America, Plaintiff,**

**v.**

**Marshall A. SPECTOR, Defendant.**

**Crim. A. No. 89–20051–01.**

United States District Court, D. Kansas.

Sept. 26, 1989.

Julie A. Robinson, Asst. U.S. Atty., for U.S.

Michael Harris, Asst. Federal Public Defender, for defendant.

---

## MEMORANDUM AND ORDER

EARL E. O'CONNOR, Chief Judge.

This matter comes before the court based on a stipulation of facts and exhibits. The defendant, Marshall A. Spector, waived his right to a jury trial. Although he does not seriously deny his guilt on the first three counts, he strenuously contends that the stipulated evidence as a matter of law is insufficient to sustain a conviction on count 4 of the indictment for using or carrying firearms during and in relation to the commission of a drug trafficking offense, in violation of 18 U.S.C. § 924(c). For the reasons below, we find the defendant guilty of the crimes charged in the indictment.

The facts as stipulated are that the defendant made a number of sales of cocaine to an undercover officer between October 25, 1988 and December 13, 1988. All of these sales occurred in the basement recreation room of the defendant's residence, near a bar counter. While the undercover officer observed the defendant take cocaine from a jar stored on a ceiling I-beam over the bar during each transaction, the officer never saw Marshall Spector in possession of a firearm. Based on the officer's observations, a search warrant was executed at Marshall Spector's residence on December 13, 1988.

Within an arms' length of the bar and the spot on the I-beam where the cocaine was recovered, officers discovered three loaded firearms under the seat cushions of a couch: a Ruger .44 magnum, a Baretta .25 caliber, and an AMT .380 caliber. Also recovered from the bar were some scales and a mirror used for cutting cocaine, as well as some plastic baggies for the packaging of cocaine. Two thousand dollars was also discovered in a Plachinko game machine that was built into a wall of the laundry room. The laundry room doorway was within several feet of the bar area. Officers also found $3,000 under boxes in the corner of the laundry room and a sock inside a clothes dryer containing $4,980. Resting on a shelf above the washer and dryer were a .22 caliber Derringer and a .22 caliber Browning revolver.

Upstairs, in Spector's bedroom, small quantities of cocaine in a glass vial and plastic baggie were recovered from a shelf above a vanity sink. Officers also seized $4,000 concealed inside a boot on the floor of a bedroom closet. On the floor of a second closet, officers recovered a .38 caliber Colt revolver. In the same room, a loaded Smith & Wesson .38 caliber revolver was discovered under a notebook laying across from the first closet. Another $3,000 was recovered from an upstairs loft room.

The issue of whether a defendant can be convicted of violating 18 U.S.C. § 924(c) when previously unobserved weapons are recovered from defendant's residence in

close proximity to both cocaine and cash is of first impression before this court. As in all cases of statutory interpretation, we must first consider the plain language employed by Congress. *Russello v. United States,* 464 U.S. 16, 20, 104 S.Ct. 296, 298, 78 L.Ed.2d 17 (1983); *see also United States v. Rawlings,* 821 F.2d 1543, 1545 (11th Cir.), *cert. denied* 484 U.S. 979, 108 S.Ct. 494, 98 L.Ed.2d 492 (1987). ("When examining [section 924(c)], we must assume that Congress used the words of the statute as they are commonly and ordinarily understood."). If the language is clear, it must be regarded as conclusive absent a contrary legislative intent. *Russello v. United States,* 464 U.S. at 20, 104 S.Ct. at 298.

The current language of section 924(c)(1) was added to the statute by an amendment in 1986. Prior to 1984, the statute had provided that it was a crime to carry a firearm "during the commission of any felony...." 18 U.S.C. § 924(c)(2) (effective 1968). In 1984, this language was changed to require that the predicate offense be "any crime of violence" instead of "any felony." The 1986 amendment added "drug trafficking crime" to the "any crime of violence" language. The statute now reads, in pertinent part:

> Whoever, during and in relation to any crime of violence or drug trafficking crime ... uses or carries a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime, be sentenced to imprisonment for five years....

18 U.S.C. § 924(c)(1).

■ The legislative history of the 1984 amendment indicates that the "in relation to" language was intended to make explicit that a person could not be prosecuted under section 924(c) for possessing a firearm during the commission of an entirely unrelated crime. S.Rep. No. 225, 98th Cong. 2d Sess. 1, 314 n. 10 (1983), *reprinted in* 1984 U.S.Code Cong. & Ad.News 3182, 3492 n. 10. Thus, section 924(c) requires more than mere possession of a firearm. There must be some relation between the proscribed "use" of the firearm and the

underlying crime. *United States v. Feliz-Cordero,* 859 F.2d 250, 254 (2nd Cir.1988).

The government, however, need not prove that the firearm was fired, brandished, or even displayed during the drug trafficking offense. *United States v. Coburn,* 876 F.2d 372, 375 (5th Cir.1989). Possession of a gun, even if it is concealed, constitutes use in relation to the drug trafficking offense if the possession is "an integral part of the narcotics offense and facilitated that offense." *United States v. Meggett,* 875 F.2d 24, 29 (2d Cir.1989). As then-Judge Kennedy noted in *United States v. Stewart,* 779 F.2d 538 (9th Cir. 1985), *cert. denied,* 484 U.S. 867, 108 S.Ct. 192, 98 L.Ed.2d 144 (1987):

> If the firearm is within the possession or control of a person who commits an underlying crime as defined by the statute, and the circumstances of the case show that the firearm facilitated or had a role in the crime, such as emboldening an actor who had the opportunity or ability to display or discharge the weapon to protect himself or to intimidate others, whether or not such display or discharge in fact occurred, then there is a violation of the statute.

*Id.* at 540. *See also United States v. Brockington,* 849 F.2d 872, 876 (4th Cir. 1988); *United States v. Matra,* 841 F.2d 837, 842–43 (8th Cir.1988).

In *United States v. Matra, supra,* 841 F.2d 837 the defendant was convicted of possession of cocaine with intent to distribute and use of a machine gun during and in relation to a narcotics crime. Law enforcement officers found a pistol under the seat cushion of a sofa in each of the house's two living rooms. A .38 caliber pistol was also discovered in the zipper bag of a vacuum cleaner. In upstairs bedrooms officers recovered a semi-automatic pistol, an assault rifle, a submachine gun, and a shotgun. While Matra did not brandish or discharge any of these weapons, the Eighth Circuit concluded that at least one of the guns " 'had undoubted utility in the protection of the valuable [cocaine] supply and of the cash on hand.' " *Id.* at 842 (quoting *United States v. LaGuardia,* 774 F.2d 317, 321

(8th Cir.1985)). The court added that the submachine gun's "availability increased the likelihood that the criminal undertaking would succeed." *Id.* at 843.

In *United States v. Robinson,* 857 F.2d 1006 (5th Cir.1988) the *Matra* rationale was extended to another case involving charges of narcotics possession and the use of weapons. In affirming Robinson's conviction, the Fifth Circuit stated a jury could have reasonably concluded that the defendant "used" the firearms found in his house "as a means of safeguarding and facilitating illegal transactions and as an integral means of protecting his possession of the cocaine." *Id.* at 1010. While the Tenth Circuit has not previously interpreted the meaning of "uses" as employed by section 924(c)[1], other courts have held that this term should be broadly construed. *See, e.g., United States v. Acosta-Cazares,* 878 F.2d 945, 952 (6th Cir.1989) (.38 caliber weapon found in apartment); *United States v. Meggett,* 875 F.2d 24, 29 (2d Cir. 1989) (five firearms seized in apartment); *United States v. Mason,* 658 F.2d 1263, 1270–71 (9th Cir.1981) (holstered and hidden firearms were "used").

In the present case, the stipulated evidence shows that the firearms were strategically placed within close proximity to cocaine or large sums of money. In the defendant's basement, officers discovered three loaded firearms within a very short distance from the jar of cocaine. Immediately above a clothes dryer containing almost $5,000 a .22 caliber Derringer and a .22 caliber Browning revolver were recovered. Officers also found a loaded .38 caliber revolver across from a bedroom closet in which $4,000 was concealed inside a boot. Since the defendant exercised dominion and control over the basement and bedroom, the fact that the weapons discovered in these rooms were concealed and loaded supports the conclusion that he knew where the guns were and that he knew they were readily accessible when the transactions occurred

On the same day that the defendant sold cocaine to an undercover officer, December 13, 1988, the search warrant was executed. It is not unreasonable to infer from the evidence that the firearms "emboldened" Spector, allowing him to protect himself and to intimidate the undercover officer in the course of distributing the cocaine if a need should arise. The defendant's ability to display or discharge the firearms in the laundry room and the bedroom permitted him to safeguard thousands of dollars in cash. In these circumstances, the court must conclude that these weapons were an integral part of the defendant's criminal undertaking and that their availability increased the likelihood that the drug transaction would succeed. Given the proximity of the firearms to the cocaine, cash and the drug transaction itself coupled with the defendant's control over the premises, we find beyond a reasonable doubt that Marshall Spector did "use" the firearms identified in count 4 within the meaning of section 924(c) of Title 18 and that he is guilty of the crimes charged.

IT IS THEREFORE ORDERED the court finds Marshall A. Spector guilty of the crimes charged.

IT IS FURTHER ORDERED the United States Probation and Parole Office conduct a presentence investigation of defendant. A sentencing hearing will be held on Monday, November 27, 1989.

---

1. The only other Tenth Circuit case construing section 924(c) as it now appears confined its analysis to the meaning of "carrying a weapon" when a motor vehicle is used. *See United States v. Cardenas,* 864 F.2d 1528 (10th Cir.) *cert. denied* —— U.S. ——, 109 S.Ct. 3197, 105 L.Ed.2d 705 (1989).