Alan M. WINSOR et al., Petitioners,

v.

COMMISSIONER OF INTERNAL REV-
ENUE, Respondent.

No. 5584.

United States Court of Appeals
First Circuit.

May 20, 1960.

Raymond C. Baldes, Boston, Mass., Alan M. Winsor, Boston, Mass., of counsel, for petitioners.

George F. Lynch, Attorney, Department of Justice, Washington, D. C., with whom Charles K. Rice, Asst. Atty. Gen., and Lee A. Jackson, Robert N. Anderson and Lloyd J. Keno, Attorneys, Department of Justice, Washington, D. C., were on brief, for respondent.

Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit Judges.

ALDRICH, Circuit Judge.

This is a petition by taxpayer and his wife, who might well be termed hard-luck termite victims, to review a decision of the Tax Court. In January, 1952 taxpayer contracted to buy a house, and placed his old one on the market. In April he moved into the second. In October, 1952 a prospective purchaser for the first house discovered termite damage. Later that same month taxpayer discovered extensive termite damage in his new house. Finding that the damage in the first house had taken place in about a year and a half, the court allowed the claim as sufficiently "sudden" to constitute a casualty loss within § 23 (e) (3) of the Internal Revenue Code of 1939, 26 U.S.C.A. § 23(e) (3). See, e. g., Rosenberg v. Commissioner, 8 Cir., 1952, 198 F.2d 46. Taxpayer's appeal here relates only to the amount of the loss. With respect to the second property, taxpayer seeks review of the Tax

Court's finding that he failed to prove sufficient suddenness.

■ The sole question as to the first house was that of its valuation before the loss. (The government did not appeal. Hence we do not pass on the question of whether this loss was sufficiently sudden to qualify as a deductible casualty.) Taxpayer's witnesses testified that this house had a fair market value of $25,000. No witness testified to any other value. The house sold for $17,500 after the loss was discovered. The Tax Court found that the value before the loss was $22,000. Taxpayer contends that the court should have accepted the valuation of his expert and himself in view of the fact that it was uncontradicted. We do not consider the applicability of this some-time principle because we do not agree with taxpayer's underlying premise. The house was put up for sale for $25,000 in January. No buyer ever evidenced interest in this figure. Taxpayer's real estate expert admitted that four to six months was the usual time required to sell a house in that vicinity. Having in mind that asking prices are normally above what a seller is willing to accept, and further having in mind that from January to October, although taxpayer employed several brokers, no buyer was found who was interested in his price, we could not say that taxpayer's expert was "uncontradicted."

■■ With respect to the second property, it is true that an insurance company appraiser in January, 1952 did not discover any termites. He was not shown to have any special qualifications on this subject. Furthermore, taxpayer lived in the house from April to October without making the discovery. Then when, due to some alteration work, the termites were exposed, it was found that the house was already extensively infested. The court was not, under these circumstances, bound to conclude that there had been no termites present the previous January. Taxpayer's expert testified that the damage "could have occurred within a one-year period." He added that "there was no way of actually knowing just how long it actually took for the damage to occur," and that it "could have taken five years." The burden is on the taxpayer to prove his loss. Evidence simply that the damage "could" have occurred within a sufficiently short period of time does not require the court to find that it did. Indeed, we question whether, where the expert would give no more definite opinion, it would even permit such a finding. Cf. Bearman v. Prudential Ins. Co. of America, 10 Cir., 1951, 186 F.2d 662, 665; Ralston Purina Co. v. Edmunds, 4 Cir., 1957, 241 F.2d 164, 167–168, certiorari denied 353 U.S. 974, 77 S.Ct. 1059, 1 L.Ed.2d 1136.

We do not reach the question of whether, if the damage had been found to have been incurred within a sufficiently short period, but had commenced before the house was bought, the casualty was taxpayer's.

Judgment will be entered affirming the decision of the Tax Court.