**Cephus Donald DYER, Plaintiff-Appellant,**

v.

**Richard CRISP et al., Defendants-Appellees.**

No. 78–1772.

United States Court of Appeals, Tenth Circuit.

Argued Nov. 27, 1979.

Decided Jan. 11, 1980.

Rehearing Denied Feb. 20, 1980.

Certiorari Denied March 24, 1980.
See 100 S.Ct. 1342.

Leonard D. Munker, Federal Public Defender, Wichita, Kan., for plaintiff-appellant.

John F. Fischer, II, Asst. Atty. Gen., Oklahoma City, Okl. (Jan Eric Cartwright, Atty. Gen. of Okl., Oklahoma City, Okl., on the brief), for defendants-appellees.

Before SETH, Chief Judge and HOLLOWAY, McWILLIAMS, BARRETT, DOYLE, McKAY, LOGAN and SEYMOUR, Circuit Judges.

WILLIAM E. DOYLE, Circuit Judge.

### DISPOSITION ON REHEARING EN BANC

#### I.

#### INTRODUCTION

Appellant, Cephus Donald Dyer, appeals the denial of an application for writ of habeas corpus by the United States District

Court for the Eastern District of Oklahoma. Dyer claims violation of his Sixth Amendment right to effective assistance of counsel at his criminal trial in the Oklahoma state court. The appeal raises the issue as to the applicable standard which is to govern in order to determine whether there has been effective assistance of counsel in a given case and whether that standard has been violated in the present case. We directed the parties to brief the court *en banc* on the following two issues: First, what standards are used by the circuits to measure the competency of an attorney when effective assistance of counsel is an issue. Second, whether the Tenth Circuit should replace the "sham and mockery" test with one which is more meaningful and strict—a test which calls for higher ability and skill.

Rehearing was granted, oral arguments were had, and following submission to and consideration by the court, it has been decided that the Sixth Amendment guarantee to effective assistance of counsel dictates that one accused of crime be afforded reasonably competent assistance of counsel. The "sham and mockery" test which previously had been the announced test by the Tenth Circuit should be abandoned.

Tested against the new standard of reasonably competent or skillful assistance of counsel, Dyer's claim that his constitutional right to counsel had been violated fails nevertheless. The record supports the conclusion that the representation received, although somewhat lacking in vigor, did not fall below the minimum standard of reasonable skill and competence expected of a defense attorney in a criminal case.

## II.

### THE STANDARDS ADOPTED BY THE VARIOUS CIRCUITS

The Second Circuit, and until now the Tenth Circuit, have followed the "sham and mockery" test. *Rickenbacker v. Warden*, 550 F.2d 62; 65 (2d Cir. 1976), *cert. denied*, 434 U.S. 826, 98 S.Ct. 103, 54 L.Ed.2d 85 (1977); *Gillihan v. Rodriguez*, 551 F.2d 1182

(10th Cir.), *cert. denied*, 434 U.S. 845, 98 S.Ct. 148, 54 L.Ed.2d 111 (1977). The Tenth Circuit has articulated the standard as follows:

This circuit adheres to the well established principle that relief from a final conviction on the ground of incompetent or ineffective counsel will be granted only when the trial was a farce, or a mockery of justice, or was shocking to the conscience of the reviewing court, or the purported representation was only perfunctory, in bad faith, a sham, a pretense, or without adequate opportunity for conference and preparation. (Citations omitted.)

*Gillihan v. Rodriguez, supra*, 551 F.2d at 1187.

Ordinarily the ground for abandonment of this standard is that the Sixth Amendment demands that persons accused of crime be given competent counsel—that which meets a standard higher than that called for by the "sham and mockery" test. These holdings are consistent with the Supreme Court's observation in *McMann v. Richardson*, 397 U.S. 759, 771, 90 S.Ct. 1441, 1449, 25 L.Ed.2d 763 (1970), that "if the right to counsel guaranteed by the Constitution is to serve its purpose, defendants cannot be left to the mercies of incompetent counsel."

The District of Columbia Circuit, which is credited with originating the "sham and mockery" test in *Diggs v. Welch*, 80 U.S. App.D.C. 5, 148 F.2d 667 (D.C. Cir.), *cert. denied*, 325 U.S. 889, 65 S.Ct. 1576, 89 L.Ed. 2002 (1945), has now abandoned that standard and holds that "a defendant is entitled to the reasonably competent assistance of an attorney acting as his diligent conscientious advocate (footnotes omitted)." *United States v. De Coster*, 159 U.S.App.D.C. 326, 487 F.2d 1197, 1202 (D.C. Cir. 1973). The court gave this standard some concrete meaning by generally approving the American Bar Association Standards for the Defense Function as a guide to counsel's conduct. More specific guidelines concerned

counsel's duty to confer with his client, promptly advise his client of his rights and take action necessary to preserve them, and to conduct appropriate factual and legal investigations to determine what matters of defense can be developed. The court also held that if the defendant showed a substantial violation of any of the stated requirements, he had established a prima facie case of ineffective assistance of counsel and the burden shifted to the government to show lack of prejudice.

The First Circuit recently replaced the "sham and mockery" test with a " 'reasonably competent assistance' standard, which is shorthand for the tenet that the quality of a defense counsel's representation should be within the range of competence expected of attorneys in criminal cases." *United States v. Bosch*, 584 F.2d 1113, 1121 (1st Cir. 1978). The court declined to decide whether the harmless error rule applied.

The Third Circuit has held that "[t]he standard of adequacy of legal services as in other professions is the exercise of the customary skill and knowledge which normally prevails at the time and place." *Moore v. United States*, 432 F.2d 730, 736 (3rd Cir. 1970). It also held that the burden is on the petitioner to demonstrate that the representation provided by counsel was constitutionally inadequate. *United States ex rel. Johnson v. Johnson*, 531 F.2d 169 (3rd Cir.), *cert. denied*, 425 U.S. 997, 96 S.Ct. 2214, 48 L.Ed.2d 823 (1976).

The Fourth Circuit rejected the "sham and mockery" test in *Coles v. Peyton*, 389 F.2d 224 (4th Cir.), *cert. denied*, 393 U.S. 849, 89 S.Ct. 80, 21 L.Ed.2d 120 (1968). A list of specific principles for conducting the defense, such as conferring with the client without undue delay and conducting appropriate factual and legal investigations were cited as the standard for determining the sufficiency of the representation. The court in *Marzullo v. State of Maryland*, 561 F.2d 540 (4th Cir. 1977), *cert. denied*, 435 U.S. 1011, 98 S.Ct. 1885, 56 L.Ed.2d 394 (1978), reaffirmed *Coles* and stated the

standard for determining competency to be whether the defense counsel's representation was within the range of competence demanded of attorneys in criminal cases, *citing McMann v. Richardson, supra.* The Restatement (Second) of Torts § 299A (1965), concerning professional competence was also cited as bearing a close resemblance to the test adopted. Apparently the defendant has the original burden of establishing · incompetence on the part of the attorney and the burden then shifts to the state to establish a lack of prejudice as a defense to the claim.

The Fifth and Sixth Circuits have held that the Sixth Amendment right to counsel requires counsel "reasonably likely to render and rendering reasonably effective assistance." *MacKenna v. Ellis*, 280 F.2d 592, 599 (5th Cir. 1960), *mod.* 289 F.2d 928 (5th Cir.), *cert. denied*, 368 U.S. 877, 82 S.Ct. 121, 7 L.Ed.2d 78 (1961); *Beasley v. United States*, 491 F.2d 687, 697 (6th Cir. 1974). The Fifth Circuit apparently places the burden of proving prejudice on the defendant. In the Fourth Circuit the issue is unclear. In *Beasley*, the court stated that the harmless error test does not apply once incompetence or ineffectiveness of counsel has been shown. In a later Sixth Circuit opinion, *United States v. Sumlin*, 567 F.2d 684, 689 (6th Cir. 1977), *cert. denied*, 435 U.S. 932, 98 S.Ct. 1507, 55 L.Ed.2d 529 (1978), the court stated that the actions of defendant's counsel, even if incompetent were harmless beyond a reasonable doubt, apparently adopting the harmless error rule.

The Seventh Circuit and Eighth Circuit have not specifically rejected the "sham and mockery" test for Sixth Amendment assistance of counsel issues, but have interpreted the test as requiring a minimum standard of professional representation embodying the requirement that counsel conform to expected professional standards and exercise the customary skills and diligence of a reasonably competent attorney. *United States ex rel. Williams v. Twomey*, 510

F.2d 634 (7th Cir.), *cert. denied sub. nom. Sielaff v. Williams,* 423 U.S. 876, 96 S.Ct. 148, 46 L.Ed.2d 109 (1975); *United States v. Easter,* 539 F.2d 663 (8th Cir. 1976). The Eighth Circuit requires proof of prejudice for the defendant to prevail. *United States v. Bad Cob,* 560 F.2d 877, 880 (8th Cir. 1977).

The Ninth Circuit abandoned the "sham and mockery" test and now holds that the "Sixth Amendment requires that persons accused of crime be offered reasonably competent and effective representation." *Cooper v. Fitzharris,* 586 F.2d 1325, 1327 (9th Cir. 1978), *cert. denied,* 440 U.S. 974, 99 S.Ct. 1542, 59 L.Ed.2d 793 (1979). In elaborating upon the standard, the court stated:

> Defense counsel's errors or omissions must reflect a failure to exercise the skill, judgment, or diligence of a reasonably competent criminal defense attorney— they must be errors a reasonably competent attorney acting as a diligent conscientious advocate would not have made, for that is the constitutional standard.

*Id.* at 1330. The Ninth Circuit also requires that prejudice to the defendant be shown.

### III.

## THE APPROPRIATE TEST FOR THE TENTH CIRCUIT

■ The "sham and mockery" test originally developed under Fifth and Fourteenth Amendment due process analysis. *See Diggs v. Welch, supra.* Thus, unless counsel was so grossly inadequate as to render the entire trial a mockery of the judicial adversary system such that it shocked the conscience of reviewing courts, it did not amount to a constitutional deprivation. Following the Supreme Court's recognition in *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963) that the Sixth Amendment guarantees the right to the assistance of counsel to criminal defendants, the courts have focused less on due process rights and more on the Sixth Amendment in evaluating assistance of counsel issues. The Sixth Amendment has been interpreted as guaranteeing the right to *effective* assistance of counsel. *McMann v. Richardson, supra.* In following this mandate, the majority of the circuits hold that the Sixth Amendment requires that assistance of counsel be measured against a standard higher than "sham and mockery" and rise to the level of reasonably competent assistance of counsel.

The move toward this more demanding standard has been slowly evolving. Indeed it is our belief that even though courts in this circuit have articulated the "sham and mockery" test, they have been in fact applying the more stringent "reasonably competent" test, and that formal adoption of this standard represents a change in name. *See Beckett v. Hudspeth,* 131 F.2d 195 (10th Cir. 1942) (recognizing that the Sixth Amendment guarantees the right to *effective* assistance of counsel). It seems appropriate, nevertheless, to accurately state the constitutional test. The Sixth Amendment demands that defense counsel exercise the skill, judgment and diligence of a reasonably competent defense attorney.

### IV.

## CONCLUSION

■ In our initial unpublished opinion by the panel we determined that Dyer's right to effective assistance of counsel under the Sixth Amendment had not been violated. Tested against the standard adopted by this court on rehearing, we reaffirm that holding. The representation received by Dyer did not fall below that expected of a reasonable, competent and skillful defense attorney. The defense received by Dyer was, concededly, not errorless. However, that is not the Sixth Amendment test. In addition, the record supports the finding that Dyer was not prejudiced by trial mistakes.

So, we conclude that the representation received was not so deficient as to require reversal.

The judgment is affirmed.