**UNITED STATES of America,**

v.

**Lawrence O. FRANKLIN, Jr., Movant.**

Nos. 90–20012–01, 91–3178–O.

United States District Court,
D. Kansas.

July 30, 1991.

Robert S. Streepy, Asst. U.S. Atty., for
U.S.

Robert E. Jenkins, Kansas City, Kan.,
Bruce W. Simon, Kansas City, Mo., Donald
Zemites, Kansas City, Kan., for Lawrence
O. Franklin, Jr.

## MEMORANDUM AND ORDER

EARL E. O'CONNOR, Chief Judge.

The defendant Lawrence O. Franklin, Jr.,
has filed a motion to vacate and set aside
his sentence pursuant to 28 U.S.C. § 2255.
The government has filed its response to
said motion and defendant thereafter filed
his reply.

The parties agree that the facts are es-
sentially as set out in the government's
response. The defendant was charged,
along with two co-defendants, in a two-
count indictment: one count of possession
with intent to distribute more than fifty
(50) grams of cocaine base in violation of 21
U.S.C. § 841(a)(1), and one count of using
or carrying a firearm during and in relation
to a drug trafficking offense in violation of
18 U.S.C. § 924(c). On April 9, 1990, the
defendant entered pleas of guilty to Counts
I and II of the indictment.

The original pleas of guilty were entered
pursuant to a plea agreement which had
been based upon the potential maximum
penalty for distribution of more than five
(5) grams of crack cocaine, rather than the
potential penalty for distribution of more
than fifty (50) grams of crack cocaine. Be-
cause of the apparent misunderstanding,
the government filed a superseding infor-
mation charging the defendant with one
count of possession with intent to distrib-
ute more than five (5) grams of crack co-
caine in violation of 21 U.S.C. § 841(a)(1),
and one count of using or carrying a fire-
arm during and in relation to a drug traf-
ficking offense in violation of 18 U.S.C.

§ 924(c). On June 18, 1990, the defendant withdrew his guilty pleas to Counts I and II of the original indictment, waived indictment on the superseding information, and entered guilty pleas to Counts I and II as charged in the superseding information.

On July 16, 1990, defendant was sentenced on Count I of the superseding information to the custody of the Bureau of Prisons for 188 months, to be followed by a term of supervised release of five (5) years. On Count II of the superseding information, the defendant was sentenced to the custody of the Bureau of Prisons for five (5) years, to run consecutively to the sentence imposed on Count I, and followed by a three-year term of supervised release. Thereupon, the original indictment was dismissed on the motion of the government. The defendant did not appeal his sentence pursuant to 18 U.S.C. § 3742(a)(1).

In his present section 2255 motion, the defendant claims that he was denied effective assistance of counsel, in that his attorney did not tell him that the penalty for a plea of guilty was substantially the same as if he had gone to trial. He also alleges that he was denied due process "by giving up my right to trial with my plea bargain, which gave me no benefit under the law." The court finds no merit to either of the grounds raised by defendant.

The Sixth Amendment of the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defense." The Sixth Amendment guarantee of effective assistance of counsel "demands that defense counsel exercise the skill, judgment and diligence of a reasonably competent defense attorney." *Dyer v. Crisp*, 613 F.2d 275, 278 (10th Cir.) (en banc), *cert. denied*, 445 U.S. 945, 100 S.Ct. 1342, 63 L.Ed.2d 779 (1980).

The standard for reviewing a claim of ineffective assistance of counsel was set forth by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The first question to be addressed is whether the counsel's performance fell below the range of competence normally demanded of attorneys in criminal cases. The second question is whether any such failure resulted in prejudice to the defendant. The two-part *Strickland* test is also applicable to defendants who challenge the effectiveness of counsel after the entry of a guilty plea. See *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). To succeed on a claim of ineffective assistance of counsel, a defendant must prevail on both tests.

■ The record in this case discloses that on June 18, 1990, when the defendant entered his pleas of guilty to the two counts of the superseding information, the defendant was advised by the court of both the maximum penalties for violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 924(c). Further, the court advised the defendant that, even though he pled guilty, his sentence could be the same just as if he had pleaded not guilty, stood trial, and been convicted by a jury. Both the transcript of the hearing at the time of the entry of his guilty pleas on June 18, 1990, and the "Rule 11 Petition to Enter a Plea of Guilty," signed and sworn to by the defendant, conclusively demonstrate that he was fully aware of the potential maximum sentences and that he was also aware that, even though he pled guilty, he could receive the same sentence just as if he had been tried and convicted by a jury. He was further advised that the term of imprisonment for his conviction on 18 U.S.C. § 924(c) would be consecutive to any other sentence he might receive. Defendant acknowledged to the court at the time that he fully understood all of these matters that were being explained to him.

The court also advised the defendant regarding the potential impact of the Sentencing Guidelines and that the court could not calculate the sentence until the completion of a presentence report. At the time of sentencing on July 16, 1990, the court sustained the defendant's objection to a two-point enhancement for obstruction and justice and determined that the total offense level was 34 and the criminal history category was III, resulting in a guideline range of 188 to 235 months. At no time

during the sentencing hearing did the defendant voice any objection to the sentence, claiming that he did not realize that the sentence was more than he expected at the time he entered his guilty pleas. Furthermore, the defendant also received a two-point reduction for acceptance of responsibility, and was sentenced at the lower end of the applicable guideline range.

The court finds that there is absolutely no basis for defendant's contention that he did not understand his rights or the consequences of his plea. There is no showing that he was denied the effective assistance of counsel, or that he was prejudiced in any way, as a result of the advice he received or the explanation of his rights by the court at the time he entered his pleas of guilty and at the time of sentencing.

■ The defendant's argument that he was in some way denied due process because he received no benefit as a result of his entering pleas of guilty, is completely without foundation. The defendant entered his pleas of guilty freely and voluntarily after being fully advised of all of his rights and the consequences of his pleas. His argument that his conviction should be set aside because he accrued no benefit from pleading guilty instead of standing trial suffers from complete lack of substance and is legally frivolous.

The court concludes that the files and records in this case conclusively show that defendant is entitled to no relief. His section 2255 motion is therefore denied.

IT IS SO ORDERED.