968 F.2d 21
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Robert John JOCHIM, Defendant-Appellant.
 No. 90-1383.
 United States Court of Appeals, Tenth Circuit.
 June 22, 1992.
 
 Before LOGAN, BARRETT and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 LOGAN, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Defendant Robert John Jochim appeals the denial of his motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. He was convicted of armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d), and use of a firearm during commission of a crime of violence, in violation of 18 U.S.C. § 924(c). His conviction was affirmed on direct appeal in this court, see United States v. Jochim, No. 87-1505 (10th Cir. Jan. 28, 1988), and we also affirmed the subsequent denial of his motion under Fed.R.Crim.P. 35(b) for reduction of sentence, see United States v. Jochim, No. 88-2554 (10th Cir. Aug. 4, 1989).
 
 
 3
 In the § 2255 motion and on appeal defendant raises the following arguments: (1) a toy pistol defendant allegedly used during the robbery does not qualify as a firearm, hence there is insufficient evidence to support the conviction for use of a firearm during commission of a crime of violence under § 924(c); (2) the identification procedures used with a witness were impermissibly suggestive; (3) there was such prosecution misconduct during closing argument that reversal is required; (4) the thirty-five days between arraignment and trial was insufficient to permit defendant's counsel to provide him effective assistance; (5) there was insufficient evidence to support defendant's conviction on the armed robbery count; and (6) defendant's counsel at trial and on the original appeal was constitutionally inadequate.
 
 
 4
 We reject defendant's argument on the "toy gun" point; the evidence was that defendant took a very real .357 caliber revolver from the repairman of the bank's ATM machines and held the gun on the repairman during the remainder of the robbery.
 
 
 5
 We also reject defendant's argument that the in-court identification by the victim was unreliable because it was based on an unnecessarily suggestive photographic identification. Defendant, a white male with no facial hair, asserted that the inclusion of photos of four white males, two with facial hair, in a six photo array was impermissibly suggestive. Under the totality of the circumstances, the photographic identification was not unconstitutionally suggestive. See Simmons v. United States, 390 U.S. 377, 383 (1968).
 
 
 6
 As to prosecutorial misconduct, defendant in his brief cites statements allegedly from the closing arguments that he asserts support a reversal of the conviction. Trial transcripts of the opening and closing arguments of counsel are in the record on appeal.[1] I Supp.R; IV Supp.R. The transcripts contain no statements by the prosecutor resembling those defendant asserts. Our review of the transcripts reveals no statements in the opening or closing that raise a question of the validity of the conviction.
 
 
 7
 We are satisfied that thirty-five days between arraingment and the trial, in a case as simple as this one, was sufficient to permit defendant's counsel to prepare for trial. Cf. United States v. Cronic, 466 U.S. 648 (1984) (young, inexperienced counsel in complex mail fraud case; twenty-five days not sufficient to prepare for trial). Hence there was no denial of an adequate opportunity for defense counsel's preparation.
 
 
 8
 Defendant's fifth point, that he was denied due process because of the insufficiency of the evidence, was rejected on direct appeal; he raises no additional points inadequately considered before. Concerning defendant's final point about his trial counsel being ineffective, we have reviewed the transcript, and the two previous appeals in this court, and are satisfied that the performance of counsel met the requirements set forth in our cases. See, e.g., Dyer v. Crisp, 613 F.2d 275, 278 (10th Cir.), cert. denied, 445 U.S. 945 (1980).
 
 
 9
 AFFIRMED.
 
 
 10
 The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 We deny defendant's request for free transcripts of the opening and closing arguments, because those transcripts are already in the appellate record