UNITED STATES of America,
Plaintiff,

v.

Gerald G. BURCH, Defendant.

Nos. 99–3290–SAC, 95–40045–01–SAC.

United States District Court,
D. Kansas.

Feb. 7, 2001.

Thomas G. Luedke, Office of United States Attorney, Topeka, KS, for plaintiff.

Gale F. Burch, Ft. Worth, TX, Gerald G. Burch, Lancaster, TX, Sue Carpenter, Topeka, KS, Steven E. Emke, Grounds, Rose & Emke, Kansas City, MO, Gordon A. Harness, Newcastle, OK, Gary Hill, El Paso, TX, Joseph D. Johnson, Topeka, KS, Eric Kjorlie, Topeka, KS, Bruce W. Simon, Simon & Simon, Kansas City, MO, Marilyn M. Trubey, Office of Federal Public De-

fender, Topeka, KS, Michelle Wallace, Kansas City, MO, for defendant.

## MEMORANDUM AND ORDER

CROW, Senior District Judge.

The case comes before the court on the defendant's motion to vacate or correct sentence under 28 U.S.C. § 2255. (Dk.252). On June 13, 1995, the grand jury returned a two count indictment charging Gerald G. Burch and Gale F. Burch, husband and wife, with conspiracy to possess with intent to distribute 538 pounds of marijuana (Count 1) and possession with intent to distribute 538 pounds of marijuana (Count 2). Gerald Burch's trial commenced on January 28, 1997, before a twelve person jury, and it concluded with a conviction on January 31, 1997. The jury found Burch guilty of both Counts of the indictment. On June 26, 1997, the district court sentenced Gerald Burch to a term of 78 months of imprisonment. Burch appealed the judgement. On August 25, 1998, the 10th Circuit Court of Appeals affirmed Burch's conviction. See *United States v. Burch*, 153 F.3d 1140 (10th Cir. 1998).

On November 1, 1999, Burch filed a Motion to Vacate, Set Aside, or Correct the Sentence pursuant to 28 U.S.C. § 2255. In that pleading, Burch alleges that his appellate counsel was ineffective in not arguing the following: (1) that the Kansas Highway Patrol Trooper violated his Fourth Amendment rights; (2) that the Kansas regulatory 'spot inspections' are in violation of the United States Constitution; and (3) that the Kansas Highway Patrol Trooper violated his Fourteenth Amendment rights. Burch also asserts that the court should now consider him for a downward departure based on changed circumstances.

In response to Burch's motion, the government filed a response on December 10, 1999, requesting that Burch's § 2255 motion be overruled and denied. The government asserts that Burch's claim of ineffective counsel was frivolous. The government also argues that the trial court and court of appeals addressed and resolved the defendant's asserted violations of the United States Constitution and Kansas law. Additionally, the government argues that a § 2255 petition was not the proper vehicle for obtaining a downward departure of sentence as sought by Burch.

## SUMMARY OF FACTS

On June 4, 1995, at approximately 2:19 p.m., Kansas Highway Patrol Trooper Brian Smith, while on routine patrol, stopped a semi-tractor/trailer rig driven by Gerald Burch. Gale Burch, his wife, accompanied Burch as a passenger. Trooper Smith's stated reason for stopping Burch was to conduct a routine safety inspection of his commercial vehicle, pursuant to Kansas law. Trooper Smith asked Burch if he had a letter permitting him to carry a passenger with him. Burch indicated that he did not think that such a requirement applied as Gale Burch was part owner of the semi-tractor/trailer. Trooper Smith then requested that Burch collect the necessary commercial vehicle paperwork and accompany him to his patrol car.

When Trooper Smith reviewed the paperwork he became suspicious. The bill of lading was generic and hand written. Although the cargo was generally described, the weight of the freight was not indicated. Trooper Smith noticed that the shipping charge for the items was only $337, an amount he believed to be too low to pay for a commercial haul of costumes for a show from Dallas, Texas, to Chicago, Illinois. Trooper Smith gave Burch a "Kansas Highway Patrol Truck Inspection Report," which indicated that no hazardous materials were being transported. Trooper Smith testified that although he had

given Burch a copy of the Kansas Highway Patrol Truck Inspection Report, he had not completed the examination of the vehicle until he checked the cargo in the trailer and determined its security.

When Burch opened the door to the trailer, Trooper Smith could see very little cargo within. In addition, the odor from the trailer reeked of marijuana and mothballs. Tests of the substances found that the boxes in the trailer contained 538 pounds of marijuana. Trooper Smith placed Gerald and Gale Burch under arrest, advised them of their rights, and escorted them to Lyndon, Kansas.

## GENERAL § 2255 STANDARDS

■ "Section 2255 motions are not available to test the legality of matters which should have been raised on direct appeal." *United States v. Warner*, 23 F.3d 287, 291 (10th Cir.1994) (citation omitted). The defendant may not raise such matters "unless he can show cause excusing his procedural default and actual prejudice resulting from the errors of which he complains, or can show that a fundamental miscarriage of justice will occur if his claim is not addressed." *United States v. Cook*, 997 F.2d 1312, 1320 (10th Cir.1993), (citations omitted); *see Rogers v. United States*, 91 F.3d 1388, 1391 (10th Cir.1996), *cert. denied*, 519 U.S. 1134, 117 S.Ct. 1000, 136 L.Ed.2d 879 (1997). "A defendant may establish cause for his procedural default by showing that he received ineffective assistance of counsel in violation of the Sixth Amendment." *United States v. Cook*, 45 F.3d 388, 392 (10th Cir.1995) (citation omitted). Put another way, "[a]n attorney's error provides cause to excuse a procedural default only if the error amounts to constitutionally ineffective assistance of counsel." *Rogers v. United States*, 91 F.3d at 1391 (citations omitted).

■ The Sixth Amendment guarantee of effective assistance of counsel "demands that defense counsel exercise the skill,

judgment and diligence of a reasonably competent defense attorney." *Dyer v. Crisp*, 613 F.2d 275, 278 (10th Cir.) (en banc), *cert. denied*, 445 U.S. 945, 100 S.Ct. 1342, 63 L.Ed.2d 779 (1980). To establish a claim for ineffective assistance of counsel, a defendant must show that (1) his counsel's performance was constitutionally deficient, and (2) counsel's deficient performance was prejudicial. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Counsel's performance is deficient if the representation "falls below an objective standard of reasonableness." *Id.*, at 690, 104 S.Ct. 2052. Prejudice is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.*, at 694, 104 S.Ct. 2052. The Supreme Court recognizes that:

> There is a strong presumption that counsel's performance falls within the wide range of professional assistance, (citation omitted); the defendant bears the burden of proving that counsel's representation was unreasonable under prevailing professional norms and that the challenged action was not sound strategy. (citation omitted). The reasonableness of counsel's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of review is highly deferential. (citation omitted).

*Kimmelman v. Morrison*, 477 U.S. 365, 381, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986). A court can jump to the prejudice prong without first determining whether counsel's performance was deficient:

> [A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. The object of an ineffec-

tiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.

*Strickland,* 466 U.S. at 697, 104 S.Ct. 2052.

 The same standards from *Strickland* apply in assessing the effectiveness of appellate counsel. *United States v. Cook,* 45 F.3d at 392. "When a defendant alleges his appellate counsel rendered ineffective assistance by failing to raise an issue on appeal, we examine the merits of the omitted issue." *Id.* (citation omitted). "If the omitted issue is without merit, counsel's failure to raise it 'does not constitute constitutionally ineffective assistance of counsel.'" *Id.* (quoting *United States v. Dixon,* 1 F.3d 1080, 1083 (10th Cir.1993)).

**ANALYSIS**

*Fourth Amendment Violation*

 Burch asserts that his attorney was ineffective for failing to raise, on appeal, meritorious issues related to the suppression of evidence on appeal in his case. Specifically, Burch argues that his attorney did not address what Burch alleges are violations of his rights under the Fourth Amendment of the United States Constitution. Burch, however, fails to show that his counsel's performance was prejudicial to him. Burch's Fourth Amendment arguments raise no new ground from those previously reviewed and determined by two earlier courts. *See United States v. Burch,* 906 F.Supp. 592 (D.Kan.1995), and *United States v. Burch,* 153 F.3d 1140 (10th Cir.1998). Burch fails to show that either of these prior rulings were incorrect. Burch's assertion that his attorney failed to raise a Fourth Amendment argument is unsupported, and it fails to provide Burch any relief via a § 2255 motion.

Burch asserts that when Trooper Smith conducted the commercial vehicle exception he did so with unbridled discretion in violation of the regulatory exception to the Fourth Amendment. *See New York v. Burger,* 482 U.S. 691, 703, 107 S.Ct. 2636, 96 L.Ed.2d 601 (1987) (A state statute's inspection program which provides a substitute for a warrant must limit the discretion of the inspecting officer to the regulatory search). Burch claims that his counsel was ineffective by failing to raise this argument on appeal. In affirming Burch's conviction, the Tenth Circuit stated:

> We note that the Kansas regulatory scheme does not give officers license to harass commercial carriers or to conduct unreasonable searches. We also emphasize that evidence of a regulatory scheme that circumscribes an officer's discretion by providing that the issuance of a clean inspection report terminates the regulatory search would present a different case. In this case, the record reveals no harassment of Defendant nor any evidence indicating that Trooper Smith conducted his inspection unreasonably. We therefore agree with the district court that the inspection qualifies as a reasonable search under the Fourth Amendment.

*Burch,* 153 F.3d at 1143. As noted, for counsel to be ineffective there must be a reasonable probability that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694, 104 S.Ct. 2052. The court of appeals found the Kansas regulatory scheme to circumscribe potential abuse of an officer's discretion, and the court found that Trooper Smith acted reasonably. See *Burch,* 153 F.3d at 1143. Had Burch's attorney claimed on appeal that Trooper Smith abused his discretion, the result of the proceeding would not have been different. Accordingly, Burch's

argument fails to support a claim of ineffective counsel.

Burch argues that Trooper Smith used K.S.A. 8–1759 as a ruse to get around probable cause under the Fourth Amendment. Burch asserts that this claim of a Fourth Amendment violation supports an argument that he received ineffective counsel; however, this assertion is fallacious because, as noted below, his attorney did raise this issue before the district court which ruled upon it. Once again, in his § 2255 motion, Burch erroneously alleges that Trooper Smith used K.S.A. 8–1759 to justify the stop of his semi-trailer rig. The district court has settled otherwise:

> The defendant's interpretation of the Kansas statutes is incorrect. K.S.A. 8–1759 simply sets forth the procedure generally governing the manner by which spot checks of all motor vehicles may be conducted—it does not circumscribe the authority specifically granted to the Kansas highway patrol to otherwise perform spot inspections of commercial vehicles. See K.S.A. 74–2108(b).

*Burch,* 906 F.Supp. at 598. Burch's focus on K.S.A. 8–1759 has no relevance to the issues related to the stop of his commercial vehicle. There is no indication that Burch's attorney committed errors for which the result of the proceeding would have been different.

*Constitutionality of a Kansas Regulatory Stop*

 Burch argues that the Kansas regulatory 'spot inspections' are in violation of the Fourth Amendment to the United States Constitution. Burch asserts that this claim supports a denial of effective appellate assistance of counsel; how-

ever, this assertion is mistaken as his attorney previously raised this issue before the court. Regarding the constitutionality of the regulatory 'spot inspection,' the district court referred Burch to *State v. Williams,* 8 Kan.App.2d 14, 648 P.2d 1156 (1982), indicating that Burch's vehicle was subject to a valid regulatory stop and that such a stop was constitutional. *Burch,* 906 F.Supp. at 598. *See also Williams,* 8 Kan. App.2d 14, Syl. ¶ 1, 648 P.2d 1156 (1982) ("A warrantless inspection of a motor vehicle authorized to transport property for hire and subject to regulations of the State of Kansas which was stopped by an officer of the Kansas Highway Patrol solely to conduct an inspection pursuant to K.S.A. 74–2108(b) without any suspicion on the part of the officer that there was a violation of any laws of the State of Kansas, does not violate either the Fourth Amendment to the United States Constitution or Section 15 of the Bill of Rights of the Kansas Constitution"). Tenth Circuit precedent supports this rationale.[1]

*Fourteenth Amendment Violation*

 In support of his claim of ineffective assistance of counsel, Burch contends that his attorney failed to claim that the Kansas Highway Patrol Trooper violated Burch's Fourteenth Amendment rights, specifically those rights guaranteed under the Privileges and Immunities Clause. Burch argues that K.S.A. 8–1759 violates the United States Constitution, and because of the violation, Trooper Smith's use of the statute to perform the regulatory stop infringes upon Burch's rights under the Privileges and Immunities Clause. Burch's arguments are not on point.

---

1. In *Seslar,* the Tenth Circuit, after citing *Williams,* "assume[d], without deciding that Kansas closely regulates the motor carrier industry and that the Kansas regulatory scheme satisfies the *Burger* test because the scheme is informed by a substantial govern-

mental interest, because warrantless random stops are necessary to further the scheme, and because the scheme provides an adequate substitute for a warrant." *United States v. Seslar,* 996 F.2d 1058 (10th Cir.1993), See *Burch,* 906 F.Supp. at 598.

As previously discussed, Burch's interpretation of the Kansas statute is incorrect, and K.S.A. 8–1759 has no relevance to the issues related to the constitutionality of the stop of his commercial vehicle. Burch provides the same argument for his misplaced and rather casual reference to the Privileges and Immunities Clause as he did for the Fourth Amendment. As addressed above and by the district court and court of appeals, the Kansas regulatory scheme and the behavior of Trooper Smith were not in violation of Burch's constitutional rights, and therefore the Privileges and Immunities Clause provides no relief for Burch.

*Downward Departure for Changed Circumstances*

Burch asserts that he should receive a downward departure because of his medical condition (metastatic squamous cell carcinoma of the tongue) under U.S.S.G. § 5K1.1. Burch may not raise such a matter under a § 2255 motion unless he can show cause excusing his procedural failure to raise a claim for downward departure on direct appeal. *Cook,* 997 F.2d 1312, 1320 (10th Cir.1993), (citations omitted). Burch never raised the issue of his medical condition or a request of downward departure to the court of appeals. *Burch,* 153 F.3d 1140 (10th Cir.1998). Additionally, Burch has not provided in his § 2255 motion any cause excusing his failure to raise this issue on appeal. Burch does not claim that his attorney was ineffective in not requesting such a departure, and the record does not suggest that his medical condition existed at the time of sentencing. Burch's § 2255 request for a downward departure is a dubious proposition as neither the "Guidelines nor any other statute or controlling authority permits the reduction of a sentence upon collateral review when the conviction has not been vacated or the sentence found illegal." *Bruno v. United States,* No. 97 Civ. 2018, 2000 WL 1051850, *3 (S.D.N.Y. July 31, 2000). The downward departure sought by Burch cannot be obtained.

IT IS THEREFORE ORDERED that Burch's Motion to Vacate, Set Aside, or Correct Sentence (Dk.252) by a person in Federal Custody pursuant to 28 U.S.C. § 2255 is denied.