**Stephanie MEETZE, Petitioner–Appellant,**

v.

**Penny LUCERO, Warden, New Mexico Women's Correctional Facility; Attorney General for the State of New Mexico, Respondents–Appellees.**

No. 01–2268.

United States Court of Appeals, Tenth Circuit.

Oct. 30, 2002.

Tova Indritz, Albuquerque, NM, for Petitioner–Appellant.

Patricia A. Madrid, Office of the Attorney General, Albuquerque, NM, Anthony Tupler, Office of the Attorney General, Santa Fe, NM, Arthur W. Pepin, New Mexico Attorney General's, Santa Fe, NM, for Respondents–Appellees.

Before MURPHY, ANDERSON, and HARTZ, Circuit Judges.

## ORDER AND JUDGMENT*

HARTZ, Circuit Judge.

Petitioner Stephanie Meetze appeals from the district court's denial of her petition for habeas corpus filed under 28 U.S.C. § 2254. We have jurisdiction under 28 U.S.C. § 2253(a), and affirm.

### Background

The State of New Mexico filed separate indictments against petitioner in connection with two incidents in which her former husband, Las Cruces policeman Luis Barrera, was shot. The State's motion to join the indictments for trial was denied. Nevertheless, after petitioner's attorney lost her motion in limine to keep evidence from the first shooting out of the trial for the second shooting, she stipulated to join the two trials in order to have all the charges tried before a judge whom she considered favorable. Petitioner's trial was severed from that of her two alleged co-conspirators.

The first incident occurred on the evening of July 8, 1994. Petitioner and Barrera, who were divorcing for the second time, were alone in the Las Cruces mobile home they had formerly shared. Barrera was shot twice and was hit on the head with a gun. Whether he shot himself or petitioner shot him was disputed. Petitioner admitted that she hit him with the gun, but she asserted that she hit him in self-defense. Barrera survived.

The second shooting was on November 12, 1994, while Barrera was living at his mother's house. In this incident a man knocked on the door, asked for Barrera, and shot him four or five times when he came to the door. Barrera again survived.

During the ensuing investigation, Reymundo Morales confessed to police that petitioner paid him $1,000 to kill Barrera. Morales said that he paid $250 to Conrad Salazar, who shot Barrera, and $250 to Jeffrey Martinez, who was Salazar's driver for the crime. Morales' girlfriend, Socorro Franco, said that petitioner made incriminating admissions to her about both the July and the November shootings and asked her to lie to cover up for petitioner.

The jury convicted petitioner of two counts of attempted first degree murder, one count of conspiracy to commit first degree murder, one count of criminal solicitation to commit murder, and one count of aggravated battery with a deadly weapon. She was sentenced to prison for twenty-five years. Her convictions and sentence were upheld on direct appeal. The state district court also denied her state habeas petition and the Supreme Court of New Mexico first issued and then quashed a writ of certiorari. The magistrate judge recommended denial of her petition for federal habeas relief under 28 U.S.C. § 2254. The district court reviewed the matter de novo and adopted the magistrate judge's recommendation.

### Standard of Review

Our review of petitioner's federal habeas petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *See Williams v. Taylor*, 529 U.S. 362, 402, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). Under

---

* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

AEDPA the standard of review for a given claim for relief depends on whether or not the state courts adjudicated the claim on its merits. If the state courts decided a claim on its merits, we may reverse only if the decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," § 2254(d)(2). When reviewing a state court's decision, we must presume that its factual findings are correct, unless they are rebutted by clear and convincing evidence. § 2254(e)(1). If the state courts addressed a claim under an improper legal standard, however, we are "unconstrained by AEDPA deference." *Revilla v. Gibson,* 283 F.3d 1203, 1220 n. 14 (10th Cir.2002), *petition for cert. filed,* —— U.S.L.W. —— (U.S. Sept. 9, 2002) (No. 02–6372). If the state courts did not adjudicate a claim on its merits, and the claim is not procedurally barred, then this court reviews the district court's legal conclusions de novo and its factual findings for clear error. *McCracken v. Gibson,* 268 F.3d 970, 975 (10th Cir. 2001), *cert. denied,* —— U.S. ——, 123 S.Ct. 165, —— L.Ed.2d —— (2002).

We granted a certificate of appealability under 28 U.S.C. § 2253(c)(2) to consider five of petitioner's six issues. First, we will consider whether petitioner's trial counsel rendered ineffective assistance of counsel by consenting to joinder for trial of the two indictments. Second, we will consider whether trial counsel provided ineffective assistance as to seven additional claims. Third, we will consider whether there was cumulative error from the alleged ineffective assistance. Fourth, we will consider whether the admission of statements by alleged accomplice Salazar through the testimony of alleged accomplice Morales violated petitioner's right to confront and cross-examine the witnesses against her. Finally, we will consider whether it was error to deny petitioner's request to hold an evidentiary hearing on the ineffective-assistance-of-counsel claims. Because we did not grant a certificate of appealability as to petitioner's additional claim that her convictions violate the double jeopardy prohibition against multiple punishments, we do not address that contention.

### Ineffective Assistance of Counsel

A claim of ineffective assistance of trial counsel is reviewed under the two-part standard identified by the Supreme Court in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under *Strickland,* petitioner first must show that her counsel's performance "fell below an objective standard of reasonableness." *Id.* at 687–88, 104 S.Ct. 2052. "In applying this test, we give considerable deference to an attorney's strategic decisions and 'recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" *Bullock v. Carver,* 297 F.3d 1036, 1044 (10th Cir.2002) (quoting *Strickland,* 466 U.S. at 690, 104 S.Ct. 2052). Petitioner must also demonstrate that the deficiency in performance prejudiced her by showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694, 104 S.Ct. 2052. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

In this case, the state district court applied a long-abandoned legal standard to petitioner's claims of ineffective assistance. It improperly stated that petitioner was

"entitled to relief for ineffective assistance of counsel only where the trial is considered a sham, farce, or mockery of justice." Aplt's App. at 64. This circuit abandoned the "sham and mockery" test more than twenty years ago. *See Dyer v. Crisp,* 613 F.2d 275, 278 (10th Cir.1980) (en banc). We also expressly rejected the continuing use of that test by the state courts of New Mexico. *See Griffin v. Winans,* 684 F.2d 686, 688–89 (10th Cir.1982). Because the state court applied the wrong standard, we do not give any deference to its decision on those claims. *See Revilla,* 283 F.3d at 1220 n. 14.

Petitioner first asserts that her trial counsel should not have consented to allow the charges on the two shootings, which happened four months apart, to be tried together. Counsel explained that her choice was a tactical one to get a better judge for the trial. It appears that under New Mexico law, evidence regarding each shooting would have been admissible in a trial for the other shooting, even if the trials had been separate. *See New Mexico v. Gaitan,* 131 N.M. 758, 42 P.3d 1207, 1215 (N.M.2002); *New Mexico v. Nguyen,* 123 N.M. 290, 939 P.2d 1098, 1101 (N.M.Ct.App.1997). In any event, we agree that counsel's strategic choice was not an unreasonable one and does not constitute ineffective assistance under *Strickland.*

Petitioner also argues that her trial counsel was ineffective on seven other bases: for failing to hire a firearms expert; for failing to seek a change of venue despite extensive pretrial publicity; for failing to present witnesses or to impeach witness Franco; for failing to present favorable information; for failing to show a conflict of interest by the Las Cruces Police Department; for failing to present adequately evidence of mutual hostility between Barrera and Morales; and for failing to utilize evidence of blood on the door. These claims have no merit. Petitioner's brief argument on these points fails to carry her "heavy burden" to show that her trial counsel's performance fell below an objective level of reasonableness. *Bullock,* 297 F.3d at 1046 (internal quotation marks omitted).

### Cumulative Error

Petitioner next contends that there was cumulative error arising from her trial counsel's ineffective assistance. This claim was not raised below and is also without merit.

### Hearsay

Petitioner argues that the admission of alleged hearsay statements by Conrad Salazar, admitted through the testimony of Reymundo Morales, violated her right to confront and cross-examine witnesses. This argument was addressed on the merits by the New Mexico Court of Appeals on direct appeal. We agree with that court's conclusion that the challenged evidence was not offered for the truth of the matter asserted and was therefore not hearsay.

### Evidentiary Hearing

Finally, petitioner asserts that the district court should have granted an evidentiary hearing. The magistrate judge correctly explained that petitioner was not entitled to a hearing under *Miller v. Champion,* 161 F.3d 1249, 1253 (10th Cir. 1998).

### Conclusion

The judgment of the United States District Court for the District of New Mexico is AFFIRMED.