580 P.2d 966

**Tomas CAMPOS, Petitioner,**

v.

**STATE of New Mexico, Respondent.**

**No. 11963.**

Supreme Court of New Mexico.

June 26, 1978.

Rehearing Denied July 13, 1978.

John B. Bigelow, Chief Public Defender, Martha A. Daly, Asst. App. Defender, Santa Fe, for petitioner.

Toney Anaya, Atty. Gen., Sammy J. G. Quintana, Asst. Atty. Gen., Santa Fe, for respondent.

## OPINION

FEDERICI, Justice.

Appellant (hereafter Campos), a penitentiary inmate, was a defense witness in the trial of Faustino Castillo, Jr., who was charged with escape from the penitentiary. Campos and other defense witnesses had prior felony convictions. The State, for impeachment purposes, wished to cross-examine Campos regarding the prior felony convictions.

Campos was called as a witness. The State agreed not to use any testimony elicited during cross-examination in any subsequent habitual offender prosecution of him. The trial court advised Campos of the terms of this verbal agreement, and instructed him that his fifth amendment privilege against self-incrimination was superseded by the offer. During cross-examination, and contrary to the direction of the trial court, Campos refused to answer the question of whether he had been convicted of escape from the penitentiary. Campos was then sentenced for contempt of court for his refusal to answer.

Appellant Campos took an appeal to the Court of Appeals and the Court of Appeals affirmed the trial court. He then filed a petition for writ of certiorari with this Court. We reverse.

The State, through the prosecuting attorney, did not make application to the trial court for a grant of immunity nor did the trial court issue an order pursuant to N.M. R.Crim.P. 58 [§ 41–23–58, N.M.S.A.1953 (Inter.Supp.1976–77)], which reads: .

(a.) *Issuance of Order.* *If a person has been or may be called to testify or to produce a record, document, or other object in an official proceeding conducted under the authority of a court or grand jury, the district court* for the judicial district in which the official proceeding is or may be held *may, upon the application of the prosecuting attorney, issue an order requiring the person to testify or to produce the record, document, or other object notwithstanding his privilege against self-incrimination.*

(b) *Condition of Immunity. As a condition for granting the application, the court shall require the state of New Mexico to forego prosecution of the person for the criminal conduct about which he is questioned and testifies.* (Emphasis added.)

In lieu or instead of the above procedure the trial court advised appellant of the terms of the verbal stipulation by the State:

Now, absent this commitment by the District Attorney, it would be incriminating under the Habitual Act and you could claim the Fifth Amendment right; but since the State has precluded from using your testimony here against you under the Habitual Act or making any reference to the fact that you were a witness here or testified here at all, your testimony here cannot incriminate you.

If you are tried under the Habitual Act, that will have to be by independent evidence such as it would be as though you never testified here, and you will be afforded at any trial under the Habitual Act all the constitutional guarantees that anyone else would have under those set of circumstances, and your testimony here today will not in any manner affect that trial.

It cannot even be used or mentioned. Now, you will be given an opportunity to talk at length with Mr. Bargas before . you are asked any questions at all to ask him any questions that you may have.

He knows what the Court's admonition to **you** is at this time.

**Campos** contends that the verbal offer of immunity was improper both procedurally and substantively for failure to comply with N.M.R.Crim.P. 58 and that the State, through the district attorney, and the trial court have no power to grant immunity except as may be provided by the Constitution or by statute or by rule of Court. There being no applicable constitutional provision or statute in this State, any grant of immunity must be governed by the rule of criminal procedure set forth above.

In *Apodaca v. Viramontes*, 53 N.M. 514, 212 P.2d 425 (1949), this very issue was presented to the New Mexico Supreme Court: Whether the district attorney and the district court, absent constitutional or statutory enablement, are authorized to grant immunity from prosecution for an offense to which incriminating answers might expose the witness. The Court held:

> We are compelled to give a negative answer to this inquiry. Indeed, sound reason and logic, as well as the great weight of authority, to be found both in textbooks and in the decided cases, affirm that no such power exists in the district attorney and the district court, either or both, except as placed there by constitutional or statutory language. It is unnecessary to do more in this opinion in proof of the statement made than to give a few references to texts and to cite some of the leading cases.

Quoting from text authority the Court continued:

> [U]nless protected by an *authorized* immunity order, no witness can be required to give testimony which either directly or indirectly tends to incriminate him or to form a link in a chain of circumstances that might result in punishment for crime.

*Id.* at 518, 212 P.2d 427.

*See State ex rel. Plant v. Sceresse*, 84 N.M. 312, 502 P.2d 1002 (1972); *State v. Plant*, 86 N.M. 2, 518 P.2d 961 (Ct.App. 1973).

 Criminal Rule 58 was promulgated and approved by this Court to provide a method by which a grant of immunity could be secured and the constitutional proscription against self-incrimination protected. The rule requires an application (which we hold to mean "written application") by the district attorney and an order (which we hold to mean "written order") by the trial court ordering the person to testify. The order must also contain a specific condition that the State of New Mexico shall forego the prosecution of the person for criminal conduct about which he is questioned and testifies. Neither a written application by the district attorney nor a written order by the trial court was provided in this case.

The sentence of contempt imposed on Campos by the trial court is reversed.

IT IS SO ORDERED.

McMANUS, C. J., and SOSA, EASLEY and PAYNE, JJ., concur.