James T. McGEE, Jr.,
Petitioner-Appellant,

v.

Roger CRIST, Secretary of Corrections Department, and Joe V. Gutierrez, Warden, Central New Mexico Correctional Facility and Attorney General, State of New Mexico, Respondents-Appellees.

No. 83–1711.

United States Court of Appeals, Tenth Circuit.

July 16, 1984.

Roger Bargas, Bargas & Zvolanek, Albuquerque, N.M., for petitioner-appellant.

Paul Bardacke, Atty. Gen., Michael E. Sanchez, Asst. Atty. Gen., Santa Fe, N.M., for respondents-appellees.

Before BARRETT, DOYLE and LOGAN, Circuit Judges.

WILLIAM E. DOYLE, Circuit Judge.

This present case is a collateral attack against a conviction which took place in New Mexico State Court. The ground is that the accused was denied effective assistance of counsel at his criminal trial, in violation of the sixth amendment of the United States Constitution. The action is brought pursuant to 28 U.S.C. § 2254.

The defendant McGee was convicted of two counts of attempted murder in the first degree, one count of conspiracy to commit murder in the first degree, and one count of receiving stolen property. The conviction arose out of an alleged conspiracy between McGee and one William Sheets to retain "hit men" to kill two people and to collect the proceeds of their life insurance policies. Proof was offered that McGee transferred a stolen video recorder to one of the alleged "hit men" as partial payment for his services.

The defense that McGee offered was a mistake of fact. His claim was that an undercover government agent, one William Gilbert, induced him to play the role of a person in search of "hit men" so that Gilbert could trap the "hit men" and "dirty cops" pursuant to his duties as a government agent. It was McGee's testimony that he believed that he was working on a government undercover project and that his actions were toward a legal end. His defense was primarily based on the conduct of William Gilbert.

When McGee was tried, Gilbert was awaiting a separate trial on multiple murder charges. Gilbert agreed to testify for

either McGee or the government. He stated that as to certain questions he would assert his fifth amendment privilege against self-incrimination because of his pending murder charges.

McGee's lawyer was asked by the trial judge to research the question of Gilbert's immunity. McGee's attorney failed to direct the court to the relevant New Mexico law on witness immunity. Instead he produced federal case law and New York case law. The court ruled that unless charges against Gilbert were dismissed, once Gilbert took the witness stand he waived his fifth amendment privilege to an extent to be determined by the court on a question-by-question basis.

Gilbert's attorney advised the court that he believed the court's ruling was overbroad and that he would advise Gilbert not to testify. At trial, McGee called Gilbert to the stand, and Gilbert invoked his fifth amendment privilege and refused to testify.

An offer of proof was then made by McGee's lawyer based on an earlier interview with Gilbert that, had Gilbert testified, he would have established the following facts: (1) before a tape recorded meeting with McGee, which was heard by the jury at McGee's trial, Gilbert told McGee that he was working with a government agency and was looking for a "dirty cop"; (2) Gilbert had the impression that McGee was not serious about the content of the tape recorded meeting. He told agents of the DEA that McGee was not serious; (3) the prosecuting attorney told Gilbert that it would make great press if they could "bust" a state senator (McGee was a state senator) and urged Gilbert to get McGee involved; (4) when Gilbert told McGee that he had contacted a "hit man," McGee told Gilbert that he had not been serious and did not want to go through with it. Gilbert told McGee that he had to go through with it because these people were mean, referring to the "hit men;" (5) at a subsequent meeting McGee again stated that he did not want to go through with the plot; (6) Gilbert gave McGee the gun and bullets to

give to the "hit man;" (7) Gilbert stated that the DEA had tape recorded several telephone conversations between Gilbert and McGee, and that the conversations involved Gilbert applying pressure to McGee to go through with the plot.

At the close of the case, the jury convicted McGee of the offenses charged.

It is McGee's position that his counsel failed to discover and report to the court the New Mexico law of witness immunity, which allegedly resulted in Gilbert's refusal to testify. This, he said, constituted ineffective assistance of counsel contrary to his sixth amendment rights under the United States Constitution. He pursued this claim through the New Mexico courts, to no avail. On September 16, 1982, defendant filed this petition for a writ of habeas corpus in the United States District Court for the District of New Mexico pursuant to 28 U.S.C. § 2254. The record and taped transcript of defendant's trial and the transcript of the state habeas hearing were introduced into evidence. On May 9, 1983, the district court issued an order denying the petition for writ of habeas corpus and at the same time adopting the Magistrate's proposed findings, which included the following findings of fact:

(1) Petitioner has exhausted his state post-conviction remedies;

(2) Petitioner's counsel was effective in the constitutional sense;

(3) Petitioner's counsel was highly experienced and the record reflects a high degree of competency. The parties agree that his legal research on the issue of use immunity for a prospective witness was not errorless, but the Constitution does not demand that research be errorless;

(4) There was a failure on the part of McGee to establish that he was prejudiced by counsel's alleged failure to discover the New Mexico law of use immunity.

Petitioner McGee filed his notice of appeal on June 7, 1983, but the trial court declined to issue a certificate of probable cause pursuant to 28 U.S.C. § 2253. Peti-

tioner filed a Docketing Statement and Motion for Issuance of Certificate of Probable Cause with this court on June 28, 1983. In an order entered October 3, 1983, Chief Judge Seth granted appellant's Motion for Certificate of Probable Cause.

The single issue in this appeal is whether counsel's failure to research and discover New Mexico law on use immunity for witnesses resulted in a denial as a matter of law of effective assistance of counsel for McGee, contrary to the sixth amendment. After reviewing the record and the pertinent statutory and case law, this court must agree with the district court that McGee was not deprived of effective assistance of counsel.

■ The sixth amendment of the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defense." The fourteenth amendment due process clause guarantees the same rights to assistance of counsel in state prosecutions. *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). In criminal prosecutions, "the right to counsel is the right to the effective assistance of counsel." *McMann v. Richardson,* 397 U.S. 759, 771 n. 14, 90 S.Ct. 1441, 1449 n. 14, 25 L.Ed.2d 763 (1970). The sixth amendment guarantee of effective assistance of counsel "demands that defense counsel exercise the skill, judgment and diligence of a reasonably competent defense attorney." *Dyer v. Crisp,* 613 F.2d 275, 278 (10th Cir.) (en banc), *cert. denied,* 445 U.S. 945, 100 S.Ct. 1342, 63 L.Ed.2d 779 (1980). In *Strickland v. Washington,* —— U.S. ——, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984) the Supreme Court has held that "[t]he proper measure of attorney performance remains simply reasonableness under prevailing professional norms."

The Supreme Court recently addressed the burden that a convicted criminal defendant must meet in order to establish a denial of the sixth amendment right to counsel. The Court there stated:

A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction ... has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction ... resulted from a breakdown in the adversary process that renders the result unreliable.

*Strickland v. Washington,* —— U.S. at ——, 104 S.Ct. at 2064; *see also United States v. Glick,* 710 F.2d 639 (10th Cir. 1983), *cert. denied,* —— U.S. ——, 104 S.Ct. 995, 79 L.Ed.2d 229 (1984). In addressing sixth amendment claims "there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in [this] order or even to address both components of the inquiry if the defendant makes an insufficient showing on one." *Strickland,* —— U.S. at ——, 104 S.Ct. at 2069.

■ A review of McGee's sixth amendment claim leads to the conclusion that this court need not address the issue of counsel's competency, because we find that McGee suffered no prejudice as the result of counsel's failure to find the New Mexico statute on use immunity.

McGee maintains that eleven months before his trial, the New Mexico legislature enacted a statute creating "use" immunity for witnesses. N.M.Stat.Ann. § 31–3A–1 (1978) (now codified at N.M.Stat.Ann. § 31–6–15 (1984)). The New Mexico statute provides in pertinent part:

If a witness is granted immunity in return for evidence, none of his testimony or any evidence obtained as a fruit of his testimony shall be used against him in any criminal prosecution except that

such person may be prosecuted for any perjury committed in such testimony or in producing such evidence, or for contempt for failing to give an answer or produce evidence.

N.M.Stat.Ann. § 31–6–15(A). Had Gilbert been granted immunity under this statute, he could have testified in McGee's trial without incriminating himself, since "such immunity from use and derivative use is coextensive with the scope of the privilege against self-incrimination, and therefore is sufficient to compel testimony over a claim of the privilege." *Kastigar v. United States,* 406 U.S. 441, 453, 92 S.Ct. 1653, 1661, 32 L.Ed.2d 212 (1972). Gilbert maintains that his attorney's failure to research and discover the immunity statute, deprived him of a "key witness," who would have supported his mistake of fact defense and raised serious questions about the intent elements in the charges against him.

We must conclude that McGee's claim fails. Had his attorney discovered the use immunity statute, his attorney could not force the court to grant use immunity to Gilbert. The New Mexico courts have held that trial courts have no power to grant immunity except pursuant to provisions in the state constitution, statutes, or rules. *Campos v. State,* 91 N.M. 745, 580 P.2d 966, 968 (1978). Under New Mexico law only the prosecuting attorney may apply to the court for an order of use immunity for a witness.

The mechanism for securing witness use immunity is set forth in New Mexico Rule of Criminal Procedure 58. The version of Rule 58 which was in force during McGee's trial,[1] provided in pertinent part as follows:

If a person has been or may be called to testify ... in an official proceeding conducted under the authority of a court or grand jury, the district court for the judicial district in which the official proceeding is or may be held may, upon the application of the prosecuting attorney, issue an order requiring the person to testify ... notwithstanding his privilege against self-incrimination.

Rule 58(a) (emphasis added). The committee commentary to Rule 58 states that "this rule, together with Rule 412 of the Rules of Evidence, creates a procedure for supplanting the privilege against self-incrimination by a grant of immunity from the court...."[2] *See also State v. Sanchez,* 98 N.M. 428, 649 P.2d 496, 502 (1982). New Mexico Rule of Evidence 412 describes the evidentiary consequences of a grant of immunity under New Mexico law.[3]

Although under New Mexico law use immunity is available to witnesses such as Gilbert, it is only available at the request of the state. There is no statutory provision for a defendant's invocation of use immunity for a witness, and the New Mexico courts have declined to infer such a provision. In fact, New Mexico has held that:

A defendant has no sixth amendment right to demand that any witness he chooses be immunized, and the prosecution's refusal to grant immunity to a defense witness who would allegedly offer exculpatory testimony to a defendant does not amount to a denial of due process or violation of appellant's sixth amendment rights.

\*    \*    \*    \*    \*    \*

---

**1.** Rule 58(a) was subsequently amended to require written application by the prosecutor and written orders of the court. The amendment did not otherwise change the provisions of this section of the rule.

**2.** This commentary sentence concludes with the words "on application of any party." The rule, however, is not so broad. The New Mexico Courts have properly observed that the commentary language that conflicts with the rule is not controlling law. *See State v. Sanchez,* 98 N.M. 428, 649 P.2d 496, 502 (1982); *cf. State v. Doe,* 93 N.M. 621, 603 P.2d 731 (1979).

**3.** Rule 412. Use of evidence obtained under immunity order precluded.

Evidence compelled under an order requiring testimony or the production of a record, document or other object notwithstanding a privilege against self incrimination, or any information directly or indirectly derived from such evidence, may not be used against the person compelled to testify or produce in any criminal case, except a prosecution for perjury committed in the course of the testimony or in a contempt proceeding for failure to comply with the order.

Under the statutory scheme the grant of immunity rests in the sound discretion of the executive branch of the government.

\* \* \* \* \* \*

We find that Rule 58 controls the procedural method for seeking a grant of witness immunity and restricts applications for immunity to those initiated by the prosecution. Except where coupled with a showing of prosecutorial misconduct, refusal of the prosecution to seek a grant of witness immunity for a defense witness or refusal of the trial court to fashion a remedy to extend use immunity to a defense witness, does not constitute a denial of due process to the defendant.

*State v. Sanchez,* 98 N.M. 428, 649· P.2d 496, 502–503 (1982). The federal courts have also held that grants of immunity under federal immunity statutes, from which the New Mexico rules were derived, are within the discretion of the prosecution, and also have held that the trial court has no authority to order immunity absent the application of the government. *See, e.g., United States v. Hunter,* 672 F.2d 815 (10th Cir.1982); *United States v. Richardson,* 588 F.2d 1235, 1241 (9th Cir.1978), *cert. denied,* 440 U.S. 947, 99 S.Ct. 1426, 59 L.Ed.2d 636 (1979); *Ryan v. Commissioner,* 568 F.2d 531, 540 (7th Cir.1977), *cert. denied,* 439 U.S. 820, 99· S.Ct. 84, 58 L.Ed.2d 111 (1978); *United States v. Graham,* 548 F.2d 1302, 1315 (8th Cir.1977); *United States v. Levya,* 513 F.2d 774, 776 (5th Cir.1975); *In Re Lochiatto,* 497 F.2d 803, 804 n. 2 (1st Cir.1974); *In Re Kilgo,* 484 F.2d 1215, 1218 (4th Cir.1973); *contra Virgin Islands v. Smith,* 615 F.2d 964 (3rd Cir.1980). Moreover this court and other courts have held that due process does not require that immunity be made available to defense witnesses. *See, e.g., United States v. Hunter,* 672 F.2d 815 (10th Cir. 1982); *United States v. Alessio,* 528 F.2d 1079 (4th Cir.), *cert. denied,* 426 U.S. 948, 96 S.Ct. 3167, 49 L.Ed.2d 1184 (1976); *United States v. Smith,* 542 F.2d 711 (7th Cir.1976); *contra Virgin Islands v. Smith,* 615 F.2d 964 (3rd Cir.1980).

Considering the New Mexico statutory scheme, it is not possible to conclude that McGee was prejudiced by the failure of his attorney to discover the New Mexico witness immunity rules. In order to establish prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland v. Washington,* — U.S. at ——, 104 S.Ct. at 2068. McGee has not demonstrated that there is a reasonable probability that had his attorney discovered New Mexico's law on use immunity, the prosecution would have granted Gilbert immunity, thereby permitting him to testify. Nor has McGee demonstrated any prosecutorial misconduct to suggest that a denial by the prosecution of use immunity for Gilbert would be improper in this case. Without the agreement of the prosecution to a grant of immunity the court had no power to compel the witness Gilbert to testify. *Sanchez, supra; Campos, supra.* We need not address, therefore, whether, if subject to immunity, Gilbert's testimony would have undermined confidence in the outcome in McGee's criminal trial.

In view of the fact that McGee has failed to establish the prejudice necessary to finding a denial of effective assistance of counsel, the writ of habeas corpus must be denied. The writ which is brought into play from federal statutes would not be of any use in showing that McGee's attorney failed to provide the minimal assistance. In other words it is irrelevant inasmuch as the defense counsel could not force the immunity in any event.

It follows that the writ of habeas corpus should be and the same is hereby denied.