**UNITED STATES of America, Plaintiff,**

v.

**Richard R. GAINER, Defendant.**

**Nos. 90–40016–01–DES, 92–3458–DES.**

United States District Court,
D. Kansas.

July 30, 1993.

---

Richard R. Gainer, pro se.

### MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on the *pro se* motion of the defendant challenging his sentence pursuant to 28 U.S.C. § 2255.

The defendant raises several issues in his motion, only one of which is controlling. He argues that he was denied effective assistance of counsel on appeal. Although defendant's retained attorney, Zygmunt J. Jarczyk, properly filed a notice of appeal, the appeal was later dismissed by the Tenth Circuit for failure to prosecute.

■ Upon reviewing the record of the defendant's conviction and the documents submitted in support of defendant's motion, the court finds that Mr. Jarczyk's representation of the defendant on appeal was ineffective as a matter of law. *See McCoy v. Court of Appeals of Wisconsin, Dist. 1,* 486 U.S. 429, 436, 108 S.Ct. 1895, 1901, 100 L.Ed.2d 440 (1987) (convicted defendant who elects to appeal retains Sixth Amendment right to competent representation; appellate counsel cannot serve client's interest without asserting specific grounds for reversal); *Evitts v. Lucey,* 469 U.S. 387, 395–96, 105 S.Ct. 830, 835–

36, 83 L.Ed.2d 821 (1985) (first appeal as of right not adjudicated in accord with due process if appellant lacks effective assistance of counsel, whether retained or appointed); *United States v. Davis,* 929 F.2d 554, 557 (10th Cir.1991) (defendant is denied effective assistance of counsel if the lawyer he asks to perfect appeal fails to do so by failing to file brief, statement of appeal, or otherwise); *Abels v. Kaiser,* 913 F.2d 821, 823 (10th Cir.1990) (defendant's constitutional right to effective assistance of counsel was denied when his retained counsel failed to file timely appellate brief and hence failed to perfect appeal).

■ If a defendant is denied effective assistance of counsel resulting in the failure to prosecute an appeal on his behalf, the proper remedy is to resentence the defendant to enable him to perfect an appeal. *See United States v. Davis,* 929 F.2d at 557. When appellate counsel is determined to have been constitutionally inadequate for failure to properly perfect an appeal, the court does not consider the merits of the arguments the defendant may have raised on appeal. *Abels v. Kaiser,* 913 F.2d at 823 (citations omitted); *see also Strickland v. Washington,* 466 U.S. 668, 692, 104 S.Ct. 2052, 2067, 80 L.Ed.2d 674 (1984) (prejudice is presumed as a result of actual or constructive denial of assistance of counsel); *United States ex rel. Thomas v. O'Leary,* 856 F.2d 1011, 1016–17 (7th Cir. 1988) (attorney's failure to file brief on defendant's behalf when state appealed suppression order amounted to complete denial of assistance of counsel on appeal, and prejudice is presumed). Consequently, the court need not consider the specific arguments raised in defendant's motion that he would like to have presented on direct appeal.

IT IS BY THE COURT THEREFORE ORDERED that the defendant will be brought before the court for resentencing at 10 a.m. on Monday, August 30, 1993.

IT IS FURTHER ORDERED that the defendant's application for appointment of counsel (Doc. 54) is hereby granted pursuant to 18 U.S.C. § 3006A, and the Federal Public Defender's Office of the District of Kansas is hereby appointed to represent the defendant for purposes of resentencing.

IT IS FURTHER ORDERED that the defendant's motion for leave to file additional authority (Doc. 49) is hereby granted.

IT IS FURTHER ORDERED that defendant's request for an evidentiary hearing (Doc. 55) on his motion filed pursuant to 28 U.S.C. § 2255 is hereby denied as moot.