UNITED STATES of America,
Plaintiff/Respondent,

v.

Cesar Albert PLANAS a/k/a Albert
Planas, Defendant/Movant.

Crim. No. 93–40003–04–SAC.
Civ. No. 94–3373–SAC.

United States District Court,
D. Kansas.

March 1, 1995.

Stephen W. Kessler, Topeka, KS, for defendant.

Thomas G. Luedke, U.S. Atty., Topeka, KS, for U.S.

## MEMORANDUM AND ORDER

CROW, District Judge.

On December 6, 1993, Cesar Albert Planas entered a plea of guilty to one count of possession with intent to distribute approximately one kilogram of cocaine in the District of Kansas. In exchange, the government agreed to dismiss count one, which charged the defendant with conspiracy to possess with intent to distribute in excess of five kilograms of cocaine and/or in excess of 50 grams of cocaine base.

On March 4, 1994, Cesar Albert Planas was sentenced, *inter alia*, to a primary term of incarceration of seventy-eight months to be followed by a four year term of supervised release. No objections to the presentence report were filed prior to the sentencing hearing and none were made during sentencing. No appeal to the Tenth Circuit was filed.

On September 6, 1994, Planas filed a motion pursuant to 28 U.S.C. § 2255, essentially alleging ineffective assistance of counsel. Specifically, Planas contends that his appointed attorney, John Ambrosio, failed to object to the portion of the presentence report which did not recommend awarding Planas a two-level reduction for acceptance of responsibility pursuant to the United States Sentencing Commission, *Guidelines Manual,* § 3E1.1.[1] Planas' motion also argues that Ambrosio, contrary to his request, failed to file an appeal from the sentence imposed.

On December 7, 1994, the court entered a memorandum and order requiring Ambrosio and the United States to each file a response to Planas' motion.

Ambrosio responded, essentially denying that his representation was ineffective or that he failed to file a notice of appeal as requested by the defendant. The government has filed a response, challenging the defendant's factual assertions and opposing the defendant's request for relief.

On January 18, 1994, the court granted the defendant's request for the appointment of counsel. The court appointed Stephen Kessler, an experienced attorney, to represent Planas at the § 2255 hearing. *See* Rule 8 of the Rules Governing Section 2255 Proceedings in the United States District Courts ("If an evidentiary hearing is required, the judge **shall** appoint counsel for a movant who qualifies for the appointment of counsel under 18 U.S.C. § 3006A(g) . . .") (emphasis added). However, the court denied the defendant's *pro se* motion for the appointment of an interpreter.

On January 20, 1995, Planas filed a reply to the government's response. On January 23, 1995, the defendant filed a supplemental response and a motion for an evidentiary hearing.

On February 14, 1995, the court conducted an evidentiary hearing regarding Planas' § 2255 motion. At the conclusion of the hearing, the court orally denied Planas' motion. This memorandum and order sets forth the court's findings of fact and conclusions of law.

### Applicable Law

### Section 2255 Motions

Title 28, section 2255 provides in pertinent part:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move

---

1. In pertinent part, § 3E1.1 provides:

If the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels.

the court which imposed the sentence to vacate, set aside or correct the sentence.

A motion for such relief may be made at any time.

Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

A court may entertain and determine such motion without requiring the production of the prisoner at the hearing.

The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner. An appeal may be taken to the court of appeals from the order entered on the motion as from the final judgment on application for a writ of habeas corpus. . . .

"Section 2255 motions are not available to test the legality of matters which should have been raised on direct appeal." *United States v. Warner,* 23 F.3d 287, 291 (10th Cir.1994) (citation omitted). "Consequently, a defendant may not raise claims that were not presented on direct appeal unless he can show cause and prejudice resulting from the error." *United States v. Cook,* No. 93–5179, 45 F.3d 388 (10th Cir.1995) (citing *Warner* ). "A defendant may establish cause for his procedural default by showing that he received ineffective assistance of counsel in violation of the Sixth Amendment." *United States v. Cook,* 45 F.3d 388 (10th Cir.1995) (citing *Murray v. Carrier,* 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986)).

## Ineffective Assistance of Counsel

The Sixth Amendment of the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defense." "An indigent defendant in a criminal trial has the constitutional right to the assistance of counsel." *Baker v. Kaiser,* 929 F.2d 1495, 1498 (10th Cir.1991) (citing *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963)).

In criminal prosecutions, "the right to counsel is the right to effective assistance of counsel." *McMann v. Richardson,* 397 U.S. 759, 771 n. 14, 90 S.Ct. 1441, 1449 n. 14, 25 L.Ed.2d 763 (1970); *McGee v. Crist,* 739 F.2d 505, 506 (10th Cir.1984). The Sixth Amendment guarantee of effective assistance of counsel "demands that defense counsel exercise the skill, judgment and diligence of a reasonably competent defense attorney." *Dyer v. Crisp,* 613 F.2d 275, 278 (10th Cir.) (en banc), *cert. denied,* 445 U.S. 945, 100 S.Ct. 1342, 63 L.Ed.2d 779 (1980).

*United States v. Ruth,* 768 F.Supp. 1428, 1430 (D.Kan.1991), *aff'd,* 963 F.2d 383 (10th Cir.1992).

To establish a claim for ineffective assistance of counsel, a defendant must show that (1) his counsel's performance was constitutionally deficient, and (2) counsel's deficient performance was prejudicial. *Strickland [v. Washington],* 466 U.S. [668] at 687[, 104 S.Ct. 2052, at 2064, 80 L.Ed.2d 674] [ (1984) ]. Counsel's performance is deficient if the representation "falls below an objective standard of reasonableness." *Id.* at 690[, 104 S.Ct. at 2065]. Prejudice is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694[, 104 S.Ct. at 2068].

*United States v. Cook,* 45 F.3d 388 (10th Cir.1995). "Restated, [the defendant] must show his attorney's performance was both substandard and prejudicial to his defense, taking into account the strength of the government's case." *United States v. Maxwell,* 966 F.2d 545, 548 (10th Cir.), *cert. de-*

*nied,* — U.S. —, 113 S.Ct. 826, 121 L.Ed.2d 697 (1992).

Trial strategies necessarily evolve without the benefit of hindsight. Accordingly, we afford a high level of deference to the reasonableness of counsel's performance in light of all the circumstances at the time of the alleged error. (citations omitted). Accordingly, we afford a high level of deference to the reasonableness of counsel's performance in light of all the circumstances at the time of the alleged error. The ultimate inquiry, of course, focuses "'on the fundamental fairness proceeding.'" [*United States v.*] *Miller,* 907 F.2d [994 (10th Cir.1990)] at 997 n. 6 (quoting *Strickland,* 466 U.S. at 696, 104 S.Ct. at 2069).

*Maxwell,* 966 F.2d at 548.

## Acceptance of Responsibility

■ The defendant bears the burden of proving by a preponderance of the evidence that he is entitled to a sentence reduction for acceptance of responsibility. U.S.S.G. § 3E1.1; *see United States v. McAlpine,* 32 F.3d 484, 489 (10th Cir.), *cert. denied,* — U.S. —, 115 S.Ct. 610, 130 L.Ed.2d 520 (1994); *United States v. Tovar,* 27 F.3d 497 (10th Cir.1994). The district court's determination not to allow a reduction for acceptance of responsibility is reviewed for clear error. *McAlpine,* 32 F.3d at 489. Although a defendant who has entered a guilty plea will typically receive a reduction for acceptance of responsibility, he is not entitled to such an adjustment as a matter of right. U.S.S.G. § 3E1.1, Application Note 3; *see United States v. Newsom,* No. 94–3394–FGT, 1994 WL 723965, at *1, 1994 U.S.Dist. LEXIS 18704, at *3–4 (D.Kan. Dec. 13, 1994).

## Failure to Object to the Presentence Report

■ At the hearing, on direct, Planas testified that he was never informed by the probation office or Ambrosio of the significance or impact of acceptance of responsibility on his sentence. Planas suggested that he had, by entering his plea of guilty, accepted responsibility. Planas also indicated that his limited command of the English language, in both oral and written form, hindered his ability to understand the importance of acceptance of responsibility and precluded him from conveying his version of the facts or his position on this issue to both the probation office and Ambrosio. The defendant called no other witnesses.

The government called two witness, Wes Garber and John Ambrosio. Wes Garber, a United States Probation Officer for the District of Kansas, prepared Planas' presentence report and was the person who interviewed Planas. Garber testified that it was and is his practice in every case to (1) explain the operation of § 3E1.1 (Acceptance of Responsibility) and (2) explain the operation of § 3C1.1 (Obstruction or Impeding the Administration of Justice) and its interplay with § 3E1.1.[2] Garber did not, however, have any specific recollection of whether he had discussed these precise issues with Planas.

Garber testified, however, that he did recall his discussions with Planas relevant to Planas'. acceptance of responsibility for the crime charged. Garber indicated that the defendant never wavered from his contention that on the day the crime to which he entered a plea of guilty was committed, that he was not in the District of Kansas, but was instead in Colorado. From these statements by the defendant, Garber recommended in the presentence report that the court not award a two-level reduction for acceptance of responsibility. Garber indicated that it was his opinion that Planas understood English and that his conversations with Planas gave him no reason to believe that Planas did not understand what was being said.

John Ambrosio is an experienced attorney with over two decades of legal experience. Ambrosio's legal practice has primarily involved criminal defense work. Ambrosio appears regularly in both state and federal court. In all cases in which he has appeared

2. "Conduct resulting in an enhancement under § 3C1.1 (Obstructing or Impeding the Administration of Justice) ordinarily indicates that·the defendant has not accepted responsibility for his criminal conduct. There may, however, be extraordinary cases in which adjustments under both §§ 3C1.1 and 3E1.1 apply." U.S.S.G. § 3E1.1, Application Note 4.

before this court, Ambrosio has zealously represented the interests of his client in a professional, and often times, exuberant manner.

Ambrosio vividly recalled most of the recommendations and comments he made to Planas. Ambrosio indicated that it was his opinion that Planas understood English. Ambrosio was confident that Planas' ability to communicate was sufficient to understand his explanations of the law, the legal process and the facts relevant to Planas' case. If Ambrosio had ever been concerned about Planas' command of the English language, he would have asked the court to appoint an interpreter.

In regard to the issue of acceptance of responsibility, Ambrosio indicated that he had on more than one occasion stressed to Planas the importance of acceptance of responsibility under the Sentencing Guidelines. Ambrosio testified that despite his repeated efforts, the defendant refused to budge from his contention that he was in Colorado at time the crime to which he plead guilty was committed. Immediately prior to sentencing, Ambrosio implored the defendant to reconsider his position relevant to acceptance of responsibility. Ambrosio opined that the defendant was "an idiot" for not changing his position on this issue, particularly in light of the overwhelming evidence against the defendant and the ease with which the two-level reduction could be earned. Consequently, based upon his assessment that there would be no factual basis for an objection, Ambrosio made no objections to either the presentence report or during sentencing regarding acceptance of responsibility.

Planas was not denied effective assistance of counsel, nor was he prejudiced, and hence, he is not entitled to relief. Simply put, the court finds Ambrosio's testimony more credible than the movant's. The court finds that Ambrosio explained the operation and importance of the sentencing guidelines and that Ambrosio apprised Planas on more than one occasion that he would not receive a two-level

reduction for acceptance of responsibility if he did not reconsider his contention that he was not in Kansas on the day the crime was committed. Planas' own, informed decision was the cause-in-fact of his failure to receive a two-level reduction for acceptance of responsibility.

Planas' own testimony buttresses this conclusion. On cross-examination, Planas still maintained that he was not in Kansas on the day the crime to which he entered a plea of guilty was committed. During cross-examination, the government attempted to refresh the defendant's recollection with a photocopy of an unsigned, uncertified journal entry indicating that Planas was in court in Junction City, Kansas, on the day the crime was committed.[3] Planas' refreshed recollection of the day in question was ambiguous, but in any event hardly evidenced acceptance of responsibility. Therefore, even if the court were to hold the sentencing hearing today, it would not award Planas the two-level reduction for acceptance of responsibility.

As a final point, the defendant appears to suggest that Ambrosio should have made an objection to the presentence report notwithstanding the fact that there would have been no factual basis to challenge the recommendation in the presentence report and that Ambrosio's failure to do so demonstrates ineffective assistance of counsel. This argument is incorrect. "[C]ounsel's failure to advance a meritless argument cannot constitute ineffective assistance of counsel." *Rodriguez v. United States*, 17 F.3d 225, 226 (8th Cir. 1994); *see Lopez v. Shanks*, 10 F.3d 810 (10th Cir.1993) ("An attorney is not ineffective by not raising meritless claims."); *Newsom*, No. 94–3394–FGT, 1994 WL 723965, at *3, 1994 U.S. Dist. LEXIS 18704, at *8 ("In determining whether counsel's performance was deficient, the court considers whether counsel's conduct was reasonable. *United States v. Smith*, 10 F.3d 724, 728 (10th Cir. 1993). Declining to make meritless arguments is clearly reasonable."). In light of

---

3. The court permitted the government to refresh Planas' recollection with the document, but indicated that it would not permit the government to introduce the unsigned, uncertified journal entry into evidence as an exhibit as it did not appear to

be admissible under the Federal Rules of Evidence. *See* Fed.R.Evid. 1101(e); *United States v. Turuseta*, 853 F.Supp. 416, 420 n. 7 (S.D.Fla. 1994) ("The federal rules of evidence apply to section 2255 hearings.").

the defendant's unshakable belief that he was not present when the crime to which he plead guilty was committed, counsel's failure to object did not constitute ineffective assistance of counsel.

### Failure to File an Appeal

 "[B]ecause appeals are a part of the criminal process, a defendant is denied effective assistance of counsel if he asks his lawyer to perfect an appeal and the lawyer fails to do so by failing to file a brief, a statement of appeal, or otherwise." *Abels v. Kaiser*, 913 F.2d 821, 823 (10th Cir.1990) (citations omitted). "The proper remedy is a resentencing to enable defendant to perfect an appeal." *United States v. Davis*, 929 F.2d 554, 557 (10th Cir.1991); *see United States v. Gainer*, 826 F.Supp. 1288, 1289 (D.Kan.1993), *aff'd*, 21 F.3d 1122 (10th Cir.), *cert. denied*, —— U.S. ——, 115 S.Ct. 247, 130 L.Ed.2d 169 (1994). If the defendant establishes that he instructed his counsel to perfect an appeal and he did not, it is proper to resentence the defendant. *Davis*, 929 F.2d at 557.

### Proper Analysis of the Issue

The question of whether [defendant's] counsel was constitutionally ineffective in failing to file a timely notice of appeal depends upon his interaction with [the defendant.] (citation omitted). If defense counsel explained the pros and cons of an appeal to [the defendant] and [the defendant] made a knowing and intelligent choice not to appeal, counsel's failure to timely file could not have violated [the defendant's] due process rights. If counsel did not adequately advise his client or if he ignored his client's wishes, the failure to file an appeal may well have denied [the defendant] due process.

*Hannon v. Maschner*, 845 F.2d 1553, 1556 (10th Cir.1988).

Stated another way,

[d]efense counsel must explain the advantages and disadvantages of an appeal. *See Hannon v. Maschner*, 845 F.2d 1553, 1556 (10th Cir.1988). The attorney should provide the defendant with advice about whether there are meritorious grounds for appeal and about the probabilities of success. *Catches v. United States*, 582 F.2d 453, 455 n. 4 (8th Cir.1978). Counsel must also inquire whether the defendant wants to appeal the conviction; if that is the client's wish, counsel must perfect an appeal. *United States v. Winterhalder*, 724 F.2d [109,] at 111 [(10th Cir.1983)]; *Jackson v. Turner*, 442 F.2d [1303,] at 1307.

*Baker*, 929 F.2d at 1499.

In the motion filed by Planas, he appeared to argue that Ambrosio had failed to file an appeal as instructed. Planas' testimony at the hearing differed substantially from the arguments appearing in his motion. Planas testified that he had discussed with Ambrosio the merits of filing an appeal to the Tenth Circuit, but that Ambrosio had convinced him that it was pointless to file an appeal. Ambrosio testified that he had discussed the possibility of filing an appeal with Planas, but had told Planas that filing an appeal would be pointless. Specifically, Ambrosio told Planas that there was not a "chance in Hell" that an appeal would prove successful. Ambrosio's opinion was based upon his assessment that there was no factual or legal basis upon which to appeal. Ambrosio also testified that had Planas instructed him to file an appeal, he would have done so, despite the fact that such an appeal would have been futile.

Planas' testimony is largely dispositive of the issue specifically raised by this aspect of his motion. In any event, it appears that Ambrosio correctly, albeit colorfully, assessed the prospects of a successful appeal. With that information in hand, Planas was able to make a knowing and intelligent decision whether it was appropriate to file an appeal. He simply chose not to file an appeal.

In summary, there is no evidence to support Planas' contention that he was prejudiced by the ineffective assistance of his counsel. On the contrary, Ambrosio correctly and accurately counseled the defendant throughout his representation and provided the defendant with a realistic assessment of

the prospects of prevailing on appeal.[4] In short, the defendant's inability to accept responsibility for his criminal acts precluded him from receiving the two-level reduction pursuant to § 3E1.1.

The defendant and his counsel are informed that the denial of the relief requested in his § 2255 motion is an appealable order. *See* Rule 11 of the Rules Governing Section 2255 Proceedings in the United States District Courts ("The time for appeal from an order entered on a motion for relief made pursuant to these rules is as provided in Rule 4(a) of the Federal Rules of Appellate Procedure."); Fed.R.App.P. 4(a); *United States v. Pinto,* 1 F.3d 1069, 1070 (10th Cir.1993) (the defendant/movant in an action under § 2255 has 60 days under Fed.R.App.P. 4(a) to file a notice of appeal).

IT IS THEREFORE ORDERED that Planas' motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence by a person in federal custody (Dk. 340) is denied.

---

4. Moreover, counsel's success in negotiating a plea agreement for the defendant enabled the defendant to avoid a charge which carried a term of imprisonment of not less than 10 years or more than life. *See* 21 U.S.C. § 841(b). The court notes that Planas' codefendants who did not enter a plea of guilty but instead proceeded to trial received substantially longer sentences than Planas.