**UNITED STATES of America,**
**Plaintiff/Respondent,**

v.

**Percy MAYFIELD, Defendant/Movant.**

**Criminal No. 95–40008–01–SAC.**
**Civil Nos. 97–3172–SAC, 97–3176–SAC.**

United States District Court,
D. Kansas.

July 22, 1997.

Percy Mayfield, Pekin, IL, pro se.

Richard L. Hathaway, Office of United States Atty., Topeka, KS, for U.S.

## MEMORANDUM AND ORDER

CROW, Senior District Judge.

On August 25, 1995, this court sentenced Percy Mayfield to a primary term of incarceration of forty-eight months, a one year term of supervised release and a special assessment of $50. The judgment is silent as to whether Mayfield's federal sentence is consecutive or concurrent to his previously imposed state sentence.[1] Mayfield is currently serving his primary term of incarceration at the Federal Medical Center institution in Rochester, Minnesota.

On October 30, 1996, this court entered a memorandum and order dismissing Mayfield's *pro se* "Motion for Clarification of Judgement" (Dk.32) and "Supplemental Pleading 'For Clarification of Judgement'" (Dk.36) for lack of jurisdiction. *See United States v. Mayfield,* 1996 WL 699705 (D.Kan. October 30, 1996). In those pleadings Mayfield sought an order clarifying the amount of credit he should receive for time served while awaiting sentencing. The court concluded that a motion pursuant to 18 U.S.C. § 2255 was an inappropriate means to obtain the relief that he sought in those proceedings

---

1. Pursuant to 18 U.S.C. § 3584(a), the Bureau of Prisons has concluded that Mayfield's federal sentence is to run consecutively to his state sentence.

During the nine months Mayfield was housed at CCA Leavenworth awaiting disposition of this case, he was "on loan" from the state pursuant to a writ of habeas corpus ad prosequendum. The nine months spent at CCA was apparently credited towards his state sentence.

and that Mayfield must seek judicial review of his claim for credit for time served in the district of his confinement pursuant to 28 U.S.C. § 2241. *See United States v. Miller,* 871 F.2d 488, 490 (4th Cir.1989) ("A claim for credit against a sentence attacks the computation and execution of the sentence rather than the sentence itself. Judicial review must be sought under 28 U.S.C. § 2241 in the district of confinement rather than in the sentencing court."). The court also concluded that Mayfield had apparently not availed himself of his administrative remedies, and even if it had jurisdiction to entertain his request, the court would be compelled to dismiss his motion for his apparent failure to exhaust those remedies.

■ This case comes before the court upon Mayfield's Motions[2] under 18 U.S.C. § 2255 to vacate, set aside, or correct his federal sentence. Mayfield has also filed a "Motion by Indigent Defendant for Appointment of Counsel" (Dk.42). Mayfield alleges ineffective assistance of counsel by his court appointed attorney, Charles Dedmon, assistant federal public defender. Specifically, Mayfield claims that Dedmon failed (1) to file a notice of appeal as instructed and (2) to ask the court to consider any means of giving him credit on his federal sentence (by downward departure or otherwise) for approximately nine months of time spent at CCA which apparently was only credited toward his state sentence.

At the direction of the court, the government filed a response to Mayfield's motions. The government contends that these motions are little more than a thinly veiled attempt to avoid dismissal for lack of subject matter jurisdiction. "Defendant cannot convert a 2241 proceeding into a 2255 action merely by asserting an ineffective assistance of counsel claim." The government contends that these motions should meet the same fate as those previously decided by the court. Mayfield filed a reply challenging the legal accuracy of the government's response.

The court, having reviewed the parties' respective pleadings and the controlling Tenth Circuit case law, concludes that this matter cannot be resolved without an evidentiary hearing. Although the government's arguments regarding Mayfield's motions are facially appealing, the court does not believe that Mayfield's allegation that his appointed attorney failed to file an appeal as instructed can be disposed of without considering testimony at an evidentiary hearing. *See, e.g., United States v. Planas,* 884 F.Supp. 1488 (D.Kan.), *aff'd,* 62 F.3d 1429 (10th Cir.1995) (Table). As to Mayfield's other argument, although there are probably several valid responses to Mayfield's claim that his attorney should have sought a downward depar-

---

**2.** The court recognizes that it lacks jurisdiction to entertain a second or successive § 2255 motion without certification from the Tenth Circuit court of appeals. *See United States v. Carlos,* 954 F.Supp. 221 (D.Kan.1996). Confronted with an uncertified second § 2255 motion, the district court should transfer the case to the court of appeals pursuant to 28 U.S.C. § 1631. *Id.* at 224–25. *See Coleman v. United States,* 106 F.3d 339 (10th Cir.1997) (district court must transfer the second § 2255 motion to the appellate court in the interest of justice pursuant to 28 U.S.C. § 1631) (approving and adopting the procedure set forth in *Liriano v. United States,* 95 F.3d 119 (2d Cir.1996)).

The court believes that this case is unique in that Mayfield's first motion, filed on April 23, 1997, and his second motion, filed on April 24, 1997, or more than one year past the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 [AEDPA], Pub.L. No. 104–132, 110 Stat. 1217 (1996) and therefore is untimely by one day, *see United States v. Simmonds,* 111 F.3d 737, 745 (10th Cir.1997) (prisoners whose convictions became final on or before April 24, 1996 must file their § 2255 motions before April 24, 1997) (citing *Lindh,* 96 F.3d at 866 (the time period imposed by the Antiterrorism and Effective Death Penalty Act is "short enough that the 'reasonable time' after April 24, 1996, and the one-year statutory period coalesce; reliance interests lead us to conclude that no collateral attack filed by April 23, 1997, may be dismissed under [28 U.S.C.] § 2244(d) and ... 28 U.S.C. § 2255.")), essentially seek the same relief on virtually identical grounds. Because the two motions seek identical relief, transferring the second case to the Tenth Circuit pursuant to § 1631 for a certification determination would be an exercise in futility and an unnecessary source of confusion. In an effort to conserve the limited resources of the court and in the exercise of its discretion, the court has simply considered all of the arguments advanced in the second motion as arguments asserted in the first motion. Neither party is prejudiced by this decision.

ture from the application of § 5G1.3(a),[3] *see United States v. Mihaly,* 67 F.3d 894, 896 (10th Cir.1995) (5G1.3(a) reconcilable with 18 U.S.C. § 3584(a) because § 5G1.3(a) does not preclude the district court from departing from the Guidelines and sentencing concurrently), it may be appropriate for him to challenge in this proceeding his attorney's apparent failure to present that argument to the court before the time he was sentenced. Prior to the hearing, both parties will obviously have an opportunity to adequately research and brief the issue.

Mayfield's request for the appointment of counsel is granted. *See* Rule 8 of the Rules Governing Section 2255 Proceedings in the United States District Courts ("If an evidentiary hearing is required, the judge **shall** appoint counsel for a movant who qualifies for the appointment of counsel under 18 U.S.C. § 3006A(g) . . .") (emphasis added). F.G. Manzanares, an experienced member of the federal bar, has accepted the court's appointment.

An evidentiary hearing is set for September 9, 1997, at 10:00 a.m. Mayfield shall file any additional briefs on or before August 18, 1997. The government shall file any additional briefs on or before August 25, 1997.

IT IS THEREFORE ORDERED that Mayfield's "Motion by Indigent Defendant for Appointment of Counsel" (Dk.42) is granted.

IT IS FURTHER ORDERED that an evidentiary hearing to consider Mayfield's motion is set for September 15, 1997, at 10:00 a.m.

IT IS FURTHER ORDERED that the parties shall file any additional briefs on or before the dates set forth in the body of this opinion.

---

*It deserves mention that the government's one-and-a half page response to Mayfield's motions raises none of these concerns.*

**3.** Attached to some of Mayfield's pleadings are copies of a letter written by Dedmon to Mayfield in response to Mayfield's complaints about his failure to receive credit against his federal sentence for the nine months spent at CCA. Dedmon explains in part the facts and circumstances underlying the decisions he made in representing Mayfield.